474 So.2d 1282 (1985)
Arthur Ray LARKIN, a/K/a Frank Michael Reese, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1253.
District Court of Appeal of Florida, Fourth District.
September 11, 1985.
*1283 Richard L. Jorandby, Public Defender, and Jeffrey Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
This is a timely appeal from a judgment of conviction and sentence of thirty years' imprisonment for the offense of robbery pursuant to section 812.13(1), Florida Statutes (1983).
On August 12, 1983, a man walked into the Medical 3 Pharmacy in Plantation, Florida, and asked the pharmacist, Howard Fisher, for something to relieve a sore throat. The man showed Mr. Fisher a gun and told him to inform everyone that the store was closing for inventory. The man had a "closed for inventory" sign and ordered Mr. Fisher's father, Lawrence, to hang the sign on the front door and to lock the door. The man proceeded to tie up Howard Fisher with adhesive tape and Lawrence Fisher's hands and feet were tied with an electrical cord.
The man called out for various drugs including Amytol, Seconal, Tuinal, Dilaudid, Placidyl, Morphine, Cocaine, Dexamyl, and Dexidrine, which he placed in a garbage bag. The man took the watches and wallets of both Howard and Lawrence Fisher, some Salem cigarettes, a Timex watch display, and $200 from the cash register.
On December 1, 1983, appellant, Arthur Ray Larkin a/k/a Frank Michael Reese, was charged by information with two counts of robbery and two counts of kidnapping. During trial, the prosecution offered evidence of a collateral crime involving a robbery and kidnapping at a Deerfield Beach pharmacy on August 23, 1983. Steven Goldstein, the pharmacist of the Deerfield pharmacy, testified that, when appellant entered the store, he asked for medicine for a rash, pulled out a small, white gun and directed Mr. Goldstein to place a "closed for inventory" sign on the door, asked for specific drugs, including Amytal, Dexidrine, amphetamines, Preludin, Tylenol and Dilaudid, placed them in a garbage bag, and took Mr. Goldstein's jewelry, wallet and keys, Salem cigarettes, and Timex watches from a display case. Appellant moved to exclude the collateral crime evidence and to specifically exclude evidence of the Deerfield Beach kidnapping for the state's lack of proper notice of intent to use the evidence of kidnapping, both of which motions were denied.
*1284 During the testimony of Howard Fisher, the prosecutor requested the trial court to order appellant to speak for voice identification purposes. Appellant objected on the ground that the prosecutor failed to give notice of intent to require appellant to submit to a voice identification. The trial court denied appellant's request for a voice lineup, his request to be allowed the services of a voice expert, and his request to depose Howard Fisher to see if there was anything distinguishable about the robber's voice. In the presence of the jury, appellant refused to speak for voice identification purposes.
Appellant was found guilty of the two counts of robbery, not guilty of the kidnapping charges and was sentenced to thirty years' imprisonment on each of the robbery counts. The trial court retained jurisdiction over the first ten years of each sentence and a three-year minimum sentence was imposed pursuant to section 775.087(2), Florida Statutes (1983).
Appellant presents four points on appeal, only two of which require any extended discussion. Error is charged in the trial court's admission of evidence of the second pharmacy robbery as collateral crime evidence. Suffice it to say, we believe that evidence of the August 23 robbery fell well within the parameters of the Williams rule and was admissible to prove modus operandi and identification. It is also suggested that error was committed in admitting the collateral crime evidence regarding the kidnapping during the second robbery because the notice of intent required by section 90.404(2)(b)1 (1983) described only the robbery and not the kidnapping. Since the robbery entailed taking the victim's property with force and violence, putting him in fear as well as leaving him tied up, the facts proving the kidnapping were also relevant to the robbery. In any event, if it was error, it was harmless.
The first of the two points meriting discussion is appellant's contention that the trial court erred in denying appellant's objection and motion for mistrial because the prosecution failed to give prior notice of intent to request that appellant speak during the trial so that a witness could identify his voice. Appellant also requested a voice lineup and that he be allowed a continuance to obtain a voice expert and to depose the witness to the voice identification. Appellant claims that the state's failure to give advance notice of intent to make such a request during trial was a discovery violation pursuant to Rule 3.220(b), Florida Rules of Criminal Procedure. We reject that contention and hold that there was no discovery violation. A mere reading of the rule demonstrates that it concerns what the court may require a defendant to do pre-trial; for example, appear in a lineup, speak for identification, be fingerprinted, pose for photographs, try on clothing, etc. The rule also provides that whenever the personal appearance of the accused is required for the foregoing purposes, the state shall give reasonable notice to the accused and his counsel of the time and place of such appearance. To suggest, as appellant does, that this provision of the rule requires the state to advise appellant ahead of time that it intends to request a voice identification at trial is a perversion of the rule.
Finally, appellant contends that the trial court erred in retaining jurisdiction over the first one-third of appellant's sentence without stating the basis therefor in the record in open court with particularity as required by section 947.16(3)(a) (1983). The trial judge allowed the prosecutor to prepare the order after sentencing and to determine and include therein the circumstances justifying retention. The order was then signed and filed, but appellant never had the opportunity to contest any of the alleged circumstances justifying retention. This court has held that one of the purposes of subsection 3(a) of the rule is to give the defendant the opportunity to contest the reasons for retention. Robinson v. State, 458 So.2d 1132 (Fla. 4th DCA 1984); Stafford v. State, 440 So.2d 55 (Fla. 4th DCA 1983). This requirement is somewhat analogous to the requirement that a defendant be advised of certain contents of any presentence investigation report utilized by the trial court in sentencing. It *1285 enables the defendant "to discover and make known to the sentencing court any errors which may appear in the report." Rule 3.710, Florida Rules of Criminal Procedure, committee note. As Judge Ervin said in a dissenting opinion in Farber v. Florida Parole and Probation Com'n, 427 So.2d 1016, 1020 (Fla. 1st DCA 1983):
The purpose of such disclosure is to enable the defendant to bring any error to the attention of the court and to offer testimony or information at the sentencing proceeding in an effort to explain or mitigate the information in the report.
See also: Nelson v. State, 396 So.2d 1130 (Fla. 1981) (Boyd, J., dissenting), and Campbell v. State, 342 So.2d 1010 (Fla. 4th DCA 1977).
Accordingly, we affirm the judgment and sentence appealed from in all respects except for the trial court's retention of jurisdiction over the first one-third of the sentence, pursuant to section 947.16(3), Florida Statutes (1983). We reverse that aspect of the judgment and remand the cause for resentencing so that appellant may be apprised of the reasons for the trial court's retention of jurisdiction prior to pronouncement of the sentence.
ANSTEAD and LETTS, JJ., concur.