576 So.2d 415 (1991)
Earl FREEMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-932.
District Court of Appeal of Florida, Third District.
March 19, 1991.
Bennett H. Brummer, Public Defender, and Carol J.Y. Wilson, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Roberta G. Mandel, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the defendant Earl Freeman from judgments and sentences entered upon jury verdicts finding the defendant guilty of two counts of armed robbery. We affirm the judgments of convictions and sentences under review, but hereby modify the subject judgments to state that the defendant was convicted of armed robbery, not attempted robbery as the judgments currently reflect.
First, the trial court did not, as urged, commit reversible error in denying the defendant's motion for mistrial based on an unresponsive statement which was made by a robbery eye witness on cross examination at trial. The witness stated: "Yeah, I want him [the defendant] to say a few words. I can identify the voice." Although the defendant could have been compelled at that point to give a sample of his voice to the jury or suffer an adverse inference *416 from a refusal to do so, Macias v. State, 515 So.2d 206, 208 (Fla. 1987); Larkin v. State, 474 So.2d 1282 (Fla. 4th DCA 1985), the prosecution made no such request, the court did not order same, and the prosecuting attorney made no argument to the jury that an adverse inference should be drawn from the defendant's silence in the face of such a request. Compare Herring v. State, 501 So.2d 19 (Fla. 3d DCA 1986). Instead, the trial court instructed the jury to disregard the witness' statement, but denied a motion for mistrial. We conclude that the mistrial motion was properly denied because the mere hearing of the request by the jury under the circumstances of this case did not, in our view, deprive the defendant of a fair trial.
Second, we find no reversible error in the complained-of portion of the trial court's jury instruction on reasonable doubt. No objection was made by the defendant to this instruction, and the giving of the instruction does not otherwise rise to the level of fundamental error  especially when considered in context with the balance of the trial court's extensive and proper jury instructions on reasonable doubt and presumption of innocence which the defendant does not attack on this appeal. See Smith v. State, 521 So.2d 106, 108 (Fla. 1988); Dewey v. State, 135 Fla. 443, 453, 186 So. 224, 228 (1938); Gray v. State, 42 Fla. 174, 183, 28 So. 53, 56 (1900).
Affirmed as modified.