PER CURIAM.
The final judgment of conviction and sentence for unlawful possession of a firearm by a convicted felon [§ 790.23(1), Fla.Stat. (1991) ] under review is affirmed upon a holding that (1) the defendant was properly identified in court as the person observed by police in possession of a firearm, when such defendant was a convicted felon, see United States v. Kleinschmidt, 596 F.2d 133, 136 (5th Cir.), cert. denied, 444 U.S. 927, 100 S.Ct. 267, 62 L.Ed.2d 184 (1979); Ivester v. State, 398 So.2d 926, 928-29 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 470 (Fla.1982); (2) the comment made by the prosecuting attorney in final argument to the jury constituted, in context, a comment on defense counsel’s final argument and was not “fairly susceptible” of being interpreted by the jury as an indirect comment on the defendant’s failure to testify at trial, State v. Kinchen, 490 So.2d 21 (Fla.1985), but, in any event, it is clear beyond a reasonable doubt that this comment, if improper, did not contribute to the jury verdict of guilt, State v. DiGuilio, 491 So.2d 1129 (Fla.1986); and (3) no fundamental error is shown by the trial court’s unobjected-to reasonable doubt jury instruction. Cf. Victor v. Nebraska, 511 U.S.-, *201 - --,114 S.Ct. 1239, 1250-51, 127 L.Ed.2d 583, 588-89 (1994).
Affirmed.