POLEN, Judge.
Romeo Cifuentes appeals from a final judgment and sentence convicting him of conspiracy to traffic in cocaine, and trafficking in cocaine over 400 grams. He raises five separate points on appeal, one of which warrants reversal.
Cifuentes argues, and we agree that the following instruction given to the jury venire constitutes fundamental error as it suggests that the state’s burden of proof does not require complete certainty before the defendant can be found guilty:
Now, the third cardinal rule is that in order for you the jury to find the Defendant guilty, the State must convince you— the State must convince you beyond and to the exclusion of every reasonable doubt that the Defendant is guilty. And that’s what’s known as the standard of proof. That’s a landmark concept. That’s a bedrock foundation of our American Criminal jurisprudence system. And that is, any time, any jury, anywhere in the United States of America, in all fifty states, federal court, state court, finds a defendant guilty, no matter what the charge is, whether it be stealing a six pack of beer, robbery, murder, rape, drug trafficking, arson, burglary, no matter what the charge is, if a jury finds the defendant guilty, that means that the jury has indicated that they have been convinced beyond and to the exclusion of every reasonable doubt of the defendant’s guilt.
*744 Now, I’ll give you a more elaborate definition of what that phrase means, beyond and to the exclusion of every reasonable doubt, when I give you the legal instructions at the conclusion of the trial. But suffice it to say it’s a very heavy burden that the State represented by Mr. Gallagher, shoulders whenever it charges somebody with committing a crime.
But even though it’s a very heavy burden the State does not, and I repeat, stress, emphasize, the State does not have to convince a jury to an absolute certainty of the Defendant’s guilt. In other words, you don’t have to be one hundred percent certain that the Defendant is guilty in order to find him guilty, and that’s because nothing is certain in life other than death and taxes.
The point I’m trying to make is you can still have a doubt as to the Defendant’s guilt and still find him guilty so long as it’s not a reasonable doubt.
This court’s opinion in Jones v. State, 656 So.2d 489 (Fla. 4th DCA 1995), is controlling. In Jones, we held that the giving of a substantially similar instruction to the venire constituted fundamental error. Id. at 489-490. We also specifically concluded that the indispensable reasonable doubt standard, a component of due process of law in criminal proceedings, was abridged when the trial court stated that certitude was not required. This court further noted that this was a minimization of the reasonable doubt standard that violated the due process clause of both the federal and Florida constitutions. Id. at 490. We also distinguished Jones, from the third district’s opinion in Freeman v. State, 576 So.2d 415 (Fla. 3d DCA 1991).
In Freeman, the court held that there was no reversible error in a complained-of portion of a jury instruction on reasonable doubt. Id. at 416. The court noted that no objection was made by the defendant to this instruction, and the giving of the instruction did not otherwise rise to the level of fundamental error, especially when considered in context with the balance of the trial court’s extensive and proper jury instructions on reasonable doubt and presumption of innocence. Id. Conversely, this court noted in Jones that there were insufficient balancing instructions.
At bar, the trial court gave essentially the same instruction to the jury venire as the trial court in Jones did. Accordingly, as in Jones, this minimization of the reasonable doubt standard resulted in fundamental error as it deprived Cifuentes his defense (reliance on this standard). In addition, as in Jones, there were no proper balancing instructions. In both cases, the instructions were given to the venire, and the standard instructions were not given until the jury was being instructed before retiring. Accordingly, we reverse the final judgment at bar in accordance with our prior opinion in Jones. See also Rayfield v. State, 664 So.2d 6 (Fla. 4th DCA 1995) (reversing a jury instruction all but identical to the one in Jones based on the Jones reasoning).
KLEIN and PARIENTE, JJ., concur.