POLEN, Judge.
Richard Variance timely appeals from a final judgment following a jury verdict adjudicating him guilty of burglary. We reverse on Variance’s only point on appeal.
Variance cites as fundamental error the trial court’s extemporaneous instruction to the jury pool. Before voir dire, the court discussed with prospective jurors what it considered “cardinal rules” that apply to criminal trials. The third of those rules was that the jury should not require proof beyond all doubt or complete certainty before finding the appellant guilty.
This case fits squarely within this court’s decision in Jones v. State, 656 So.2d 489 (Fla. 4th DCA 1995). In Jones, the trial court gave similar extemporaneous instructions to the jury pool. Id. at 490. Those instructions included a segment about the “cardinal rules” which apply to criminal trials, with the third of those rules being almost identical to the one given in this case. The Jones decision concluded that the trial court abridged the defendant’s due process rights by not accurately explaining the reasonable doubt standard, upon which standard the defendant had a right to rely. The court found the instructions to be fundamental error, as it deprived the appellant of that aspect of his defense. Id. at 491.
Because of the similar extemporaneous reasonable doubt instruction given in the case at bar, we are compelled to follow Jones. This kind of minimization of the reasonable doubt standard violates the due process clause of the state and federal constitutions. See Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). Accordingly, *2 we find the instruction to be fundamental error and reverse.
REVERSE.
KLEIN and PARIENTE, JJ., concur.

ON MOTION FOR CERTIFICATION OF QUESTION AND STAY OF MANDATE

Appellee state has moved this court to stay the issuance of the mandate in connection ■with our opinion dated January 3, 1996, and certify the issues in this case as being of great public importance.
As the issues for which certification is sought are essentially identical to those in Wilson v. State, 668 So.2d 998 (Fla. 4th DCA 1995), question certified, 21 Fla.L.Weekly D476 (Fla. 4th DCA Feb. 21, 1996), jurisdiction accepted, State v. Wilson, Case No. 87, 575 (Fla. March 20, 1996), we again certify the following questions as being of great public importance:
DOES THE JURY INSTRUCTION GIVEN IN THIS CASE [1] IMPERMISSIBLY REDUCE THE REASONABLE DOUBT STANDARD BELOW THE PROTECTIONS OF THE DUE PROCESS CLAUSE?
IF SO, IS SUCH AN INSTRUCTION FUNDAMENTAL ERROR?
We have now reversed several cases for a new trial because of instructions similar to those given here. We may not have been entirely consistent, however, in granting or denying stays of the mandate while the supreme court reviews our decisions. We now conclude that, absent unusual circumstances, we should not stay the mandate, and therefore deny the motion to stay.
KLEIN and PARIENTE, JJ., concur.

. Prior to empaneling the jury, the judge discussed “cardinal rules" that apply to every criminal trial. During his third “cardinal rule" he discussed reasonable doubt and what the state was required to prove. The erroneous instructions were:
As I said, I will give more elaborate definitions what that phrase means when I give you the legal instructions at the conclusion of the trial, but suffice it to say that it is a very heavy burden that the State shoulders whenever it charges somebody with committing a crime.
In order to secure a conviction, even though it’s a very heavy burden the State has, in order to convince the jury the defendant is guilty, the State does not, I repeat, stress, and emphasize, the State does not have to convince the jury to an absolute certainty of the defendant's guilty. Nothing is 100 percent certain in life other than death and taxes, so the point I am trying to make is that you can still, at the conclusion of the trial, find a doubt as to the defendant’s guilt and still find him guilty so long as it's not a reasonable doubt. You do not have to be convinced to 100 percent absolute certainty of the defendant’s guilt in order to find him guilty.