PER CURIAM.
The appellant challenges his conviction for first degree murder contending that the trial court’s extemporaneous instructions on reasonable doubt constitute fundamental error. We agree.
This case is controlled by our recent decision in Jones v. State, 656 So.2d 489 (Fla. 4th DCA), reh’g en banc and certification denied, July 21, 1995, rev. denied, 663 So.2d 632 (Fla.1995), petition for cert. filed, 64 U.S.L.W. 3561 (U.S. Feb. 5, 1996) (No. 95-1265), where we held that it was fundamental error to minimize the reasonable doubt standard by informing the jury that it could convict on a lesser standard of proof. The infirm Jones instruction provided as follows:
Now, the third cardinal rule is that in order for you the jury to find the Defendant guilty you must be satisfied, the State must convince you beyond and to the exclusion of every reasonable doubt that the Defendant is guilty.
That’s what is known as the standard of proof, and that’s a landmark concept. That’s a bedrock foundation of our American Criminal jurisprudence system. That anytime any jury anywhere in the United States of America, no matter what the charge is the State must demonstrate to the jury and satisfy to the jury beyond and to the exclusion of every reasonable doubt of the Defendant’s guilt.
Now, I’ll give you a more elaborate definition of what that phrase and concept means. The phrase beyond and to the exclusion of every reasonable doubt means suffice it to say it’s a very heavy burden that the State shoulders. Whenever charging somebody with committing a crime in order to secure conviction from the jury.

But even though it’s a very heavy burden the State does not, I repeat, stress, emphasize, the State does not have to convince you, the jury to an absolute certainty of the Defendant’s guilt. You do not have to be one hundred percent certain of the Defendant’s guilt in order to find the Defendant guilty.

The point I’m trying to make is you can still have a doubt as to the Defendant’s *1068 guilt and still find him guilty so long as it’s not a reasonable doubt. A reasonable doubt simply stated is a doubt you can attach a reason to. If you have a doubt you can attach a reason to that’s a reasonable doubt and you must find the Defendant not guilty. But if the only kind of doubt you have as to the Defendant’s guilt is a possible doubt, a speculative doubt, an imaginary doubt, a forced doubt, that’s not a reasonable doubt. And if all the elements of the crime have been proven to you then you must find the Defendant guilty.
Jones, 656 So.2d at 490 (emphasis supplied by Jones court). This instruction abridged the reasonable doubt standard by stating that certitude was not required, thereby violating the due process clause of the state and federal constitutions. Jones, 656 So.2d at 490-491. The trial court’s failure to provide balancing instructions rendered the error fundamental. Id. at 491.
In the instant case, the trial court provided the following preliminary instructions on reasonable doubt at the voir dire stage:
But in a criminal courtroom, what is at stake — it’s not money, it’s not property— what is at stake is liberty. And as a result, we do not use the scales of justice in a criminal courtroom. There is no proper percentage to begin to figure out when a defendant can properly be found guilty or when he is not guilty.
What is required is proof beyond and to the exclusion of every reasonable doubt.
A reasonable doubt is not a possible doubt, it’s not a speculative, imaginary or forced doubt. Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction of guilt.
On the other hand, if after carefully considering, comparing and weighing all of the evidence there is not an abiding conviction of guilt, or, if, having a conviction it is one which is not stable, but one which waivers [sic] and vacillates, then the charge has not been proven beyond a reasonable doubt and you must find the defendant not guilty, because the doubt is reasonable.
It’s to the evidence that is introduced in this courtroom and to it alone that you are to look for that proof.
A reasonable doubt as to the guilt of the defendant may arise from the evidence, a conflict in the evidence or the lack of evidence. If you have a reasonable doubt, you should find the defendant not guilty.
If you have no reasonable doubt, you should find him guilty.
It’s up to you, members of the jury, to use your common sense and to determine what is or what is not reasonable.
This standard of proof, beyond and to the exclusion of every reasonable doubt, is required in each of the courtrooms in each of the fifty states of this country. There is no greater standard, meaning that the State is not required to prove the defendant’s guilt perfectly or 100 percent, certainly, because we know one thing as human beings, we know that unless we experience something ourselves, we can never be that sure, that positive that something occurred unless we get to see and observe it ourselves we can never be certain of anything.
Any time we have to take someone else’s recollection of what might have occurred, we cannot be certain of what actually may have occurred. That’s why the law does not require that jurors be certain of anything. What the law requires is that the State prove the defendant’s guilt beyond and to the exclusion of every reasonable doubt, nothing more than that, nothing less than that.
* * * * * *
Later in voir dire, the judge again instructed the jury and attempted to explain the state’s burden of proof:
In a civil courtroom many of you have seen from being in court or read about it or seen it in movies or television, many times what is used — what we call the scales of justice.
There are two scales that are hung on a balance beam and as evidence is presented the evidence tips the scales one way or another by the weight of the evidence that is presented for that side.
*1069 In a civil courtroom, what is at stake is money, property, people are suing each other. And as a result, the side that has the greater weight of evidence, it can be 51 percent to 49, the side with the 51 percent wins. They have more evidence than the other.
And in a criminal courtroom, we cannot use the scales of justice, became we don’t know where to make them stop, but we know what is involved and at stake is liberty.
As a result, we don’t use the scales of justice. What is required is that the state prove the defendant’s guilt beyond and to the exclusion of every reasonable doubt.
Now reasonable doubt is not a possible doubt, it’s not a speculative, imaginary or forced doubt. Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction of guilty [sic].
But on the other hand, if carefully considering, comparing and weighing all of the evidence, there is not an abiding conviction of guilt, or, if, having a conviction it’s .one which is not stable, but one which wavers and vacillates, then the charge has not been proved beyond a reasonable doubt and you must find the defendant not guilty, because the doubt is reasonable.
It’s to the evidence that is introduced on [sic] this trial and to [sic] alone that you are to look for that proof.
A reasonable doubt as to the guilty [sic] of the defendant may arise from the evidence, a conflict in the evidence or the lack of evidence.
If you have a reasonable doubt, you should find the defendant not guilty. If you have no reasonable doubt, then you should find the defendant guilty.

All that we ask of you is to use your common sense in deciding what is and what is not reasonable.

Now, notice I told you that the standard of proof in a criminal case is beyond and to the exclusion of every reasonable doubt — it’s not prefection [sic], it’s not absolute proof, it’s not 100 percent proof, because we know one thing from our own life experiences, unless we have the opportunity to see something ourselves to experience it, we can never be that sure.

The minute we have to take the word of someone else recounting to us what they observed or what they know, we can always have a doubt, because we did not experience it ourselves. And that’s why the law does not require absolute or certain proof.

But what the law requires, before you can find the defendant guilty, the defendant’s guilt must be proven beyond and to the exclusion of every reasonable doubt, nothing more and nothing less.
(emphasis supplied). The appellant did not object at trial to these preliminary instructions.
We hold that the instant instructions not only impermissibly informed the jurors that certitude was not required, the instructions further denigrated the requisite standard of proof by referring to the “scales of justice” in such a manner as to indicate that the burden was not a heavy one, i.e., that “we don’t know where to make them stop.” See Jones. Because the image implies a swinging scale, the jury could have believed that the burden of proof was a changing one. As there were no balancing instructions provided, we also hold that, these instructions constitute fundamental error. Id.
We affirm the remaining points raised by appellant.
We reverse the appellant’s conviction and remand for a new trial.
As this case presents a question of great public importance, we certify the following question:
DOES THE JURY INSTRUCTION GIVEN IN THIS CASE IMPERMISSIBLY REDUCE THE REASONABLE DOUBT STANDARD BELOW THE PROTECTIONS OF THE DUE PROCESS CAUSE?
IF SO, IS SUCH AN INSTRUCTION FUNDAMENTAL ERROR?
GLICKSTEIN, WARNER and KLEIN, JJ., concur.