671 So.2d 803 (1996)
James McINNIS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2792.
District Court of Appeal of Florida, Fourth District.
January 24, 1996.
Order Denying Rehearing and Rehearing and Granting Certification April 17, 1996.
*804 Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
Order Denying Rehearing and Rehearing En Banc and Granting Certification April 17, 1996.
POLEN, Judge.
James McInnis appeals from a final judgment and sentence convicting him of grand theft. McInnis alleges that the trial court fundamentally erred by unlawfully minimizing the "beyond a reasonable doubt" standard by instructing the venire that the state need not prove its case "to perfection or certainty." We agree and reverse.
The instruction given to the venire at bar is substantially similar to the jury instruction given in Jones v. State, 656 So.2d 489 (Fla. 4th DCA 1995), as the trial court in Jones also instructed the venire that the state did not have to prove the defendant's guilt to an absolute certainty. In Jones, this court held that the trial court's instruction, in which it stated that certitude was not required, abridged the reasonable doubt standard, a component of due process of law in a criminal proceeding. Id. at 490. This court further deemed such a minimization of the reasonable doubt standard fundamental error, as it deprived the appellant of his defense, the reliance on a correct instruction on the reasonable doubt standard. This court also distinguished Jones from the third district's opinion in Freeman v. State, 576 So.2d 415 (Fla. 3d DCA 1991).
In Freeman, the court held that there was no reversible error in a complained-of portion of a jury instruction on reasonable doubt. The court noted that no objection was made by the defendant to this instruction, and the giving of the instruction did not otherwise rise to the level of fundamental error, especially when considered in context with the balance of the trial court's extensive and proper jury instructions on reasonable doubt and presumption of innocence. Id. at 416. Conversely, this court noted in Jones that there were insufficient balancing instructions.
At bar, as in Jones, the trial court repeatedly stressed that certitude of the defendant's guilt was not required. In accordance with Jones, this minimization of the reasonable doubt standard was fundamental error as it deprived McInnis of his defense (reliance on this standard). In addition, as in Jones, there were no proper balancing instructions. In both cases, the instructions were given to the venire, and the standard instructions were not given until the jury was being instructed before retiring. Without these balancing instructions, the error was fundamental. Accordingly, we reverse in accordance with our prior opinion in Jones.

ON MOTION FOR REHEARING, REHEARING EN BANC AND MOTION FOR CERTIFICATION OF CONFLICT AND CERTIFICATION OF QUESTIONS
The State of Florida has moved this court for rehearing, rehearing en banc, certification of conflict and certification of questions. We deny all motions except for the motion for certification of questions. We certify the same two questions that were certified as ones of great public importance in Wilson v. State, 672 So.2d 543 (Fla. 4th DCA 1996), to wit:
DOES THE JURY INSTRUCTION GIVEN IN THIS CASE IMPERMISSIBLY REDUCE THE REASONABLE DOUBT STANDARD BELOW THE PROTECTIONS OF THE DUE PROCESS CLAUSE?
IF SO IS SUCH AN INSTRUCTION[1] FUNDAMENTAL ERROR?
KLEIN and PARIENTE, JJ., concur.
NOTES
[1] Prior to empaneling the jury the trial court gave the following instruction:

The state is not required to prove these charges absolutely, or 100 percent, or perfectly to you, because as human beings we know one thing, unless we see and experience something ourselves we can never be that sure in our minds of what's occurred.
Any time we have to listen to what someone else tells us occurred we can always have a doubt. We can always speculate. We can always imagine. We can never be 100 percent sure of anything.
. . . .
But a jury can never be as sure of what you saw as you the witness were, and that's why the law does not require that the State prove its case to perfection, or certainty, or 100 percent, but they prove the case beyond and to the exclusion of every reasonable doubt.
. . . .
Let's pretend right now I were in trial, this is to illustrate to you the difference between beyond and to the exclusion of every reasonable doubt and certainty.
How did I as a judge come into this courtroom? Because the one thing you know is when you came in I was here. And you have a little advantage in this case because you can look around the courtroom.
You know there is a door you came through. There looks like there is a door to the right of you. As you sit there, looks like a corridor right behind Deputy Moxy.
So as an inquisitive group one of you is the spokesperson, and you ask the attorneys, Mr. Shane, Mr. O'Connel, how did the judge come into this courtroom.
And they tell you the exact same thing. They tell you I came in here through the corridor where Deputy Moxy is seated and I walked up to the bench. And again if you do that, I think you're all going to decide again that's perfectly reasonable that I came in here, as I suggested, but again none of you know that for certain, because you were not there.
Now some of you may be what we call doubting Tom's or skeptics that like to imagine or force a doubt, so one of you says to the other jurors, geeze, you know, I saw Deputy Moxy when he stood up.
... He's a real tall gentleman. Well, he can easily reach up to the air vent, around the sides of the courtroom, and I'll bet you that in his back pocket he has a screwdriver, and what he does whenever the Judge wants to come into the courtroom, he unscrews the air vent, out pops the judge.
Well, the first thing you're doing is obviously you're speculating, imagining, forcing a doubt, but most importantly you're doing that on evidence that's not even before you.
Because no one has even begun to tell you There is no evidence that Deputy Moxy has a screw driver in his back pocket, nor that I could fit through the air vent, so such a doubt would not create a reasonable doubt because it is forced, speculative or imaginary doubt.