POLEN, Judge.
Luis Enrique Reyes appeals from a final judgment and sentence convicting him of aggravated battery with a deadly weapon. We reverse because the trial court fundamentally erred by giving an instruction to the venire on reasonable doubt, which unlawfully minimized this standard.
The trial court’s instructions to the venire at bar, were almost identical to those given to the venire in Jones v. State, 656 So.2d 489 (Fla. 4th DCA 1995), rev. denied 663 So.2d 632 (Fla.1995). The following portion of the instruction at bar is virtually identical to the instruction given in Jones:
In order to secure a conviction, even though its a very heavy burden the state has, in order to convince the jury the defendant is guilty the State does not, and I repeat stress and emphasize, the State does not have to convince the jury to an absolute certainty of the Defendant’s guilt.
[[Image here]]
So the point I’m trying to make is that you can still, at the conclusion of the trial find a doubt as to the defendant’s guilt and still find him guilty so long as it’s not a reasonable doubt.
Thus, we reverse in accordance with our holding in Jones, which was as follows:
At bar, we find that this minimization of the reasonable doubt standard constituted fundamental error as it deprived the appellant of his defense, the reliance on the reasonable doubt standard.
The state attempts to distinguish the instant case from Jones, by arguing that the instant case is akin to Freeman v. State, 576 So.2d 415 (Fla. 3d DCA 1991), which this court distinguished in Jones, by pointing out that the trial court also gave extensive and proper jury instructions on reasonable doubt and the presumption of innocence. The extensive and proper instructions that the state is referencing at bar are the full and proper jury instructions that were given to the jury prior to deliberations. However, in McInnis v. State, 671 So.2d 803 (Fla. 4th DCA 1996), this court held that the instructions prior to retiring are not the extensive jury instructions that Freeman is referencing. In Mcln-nis, this court specifically stated:
In addition, as in Jones, there were no proper balancing instructions. In both cases, the instructions were given to the venire, and the standard instructions were not given until the jury was being instructed before retiring. Without these balancing instructions, the error was fundamental.
Accordingly, we reverse and remand based on a consideration of this issue but certify as questions of great public, importance the same two questions certified in Wilson v. State, 668 So.2d 998 (Fla. 4th DCA 1996), rev. granted 672 So.2d 543 (Fla.1996), regarding whether the above jury instruction constituted fundamental error.
*923 None of the other points raised by Reyes warrant reversal.
DELL and STEVENSON, JJ., concur.