677 So.2d 1372 (1996)
Donnie Hugh DOCTOR, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2395.
District Court of Appeal of Florida, Third District.
August 14, 1996.
Samek & Besser, and Lawrence Besser, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Fleur J. Lobree, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and LEVY and SHEVIN, JJ.
SHEVIN, Judge.
Donnie Hugh Doctor appeals convictions for armed robbery, aggravated battery, and possession of a firearm. We affirm.
*1373 During Doctor's trial, prior to the commencement of voir dire, the trial court gave extemporaneous instructions on reasonable doubt to the jury venire. Defense counsel did not object.
Doctor argues on appeal that the extemporaneous instruction minimized the reasonable doubt standard and rises to the level of fundamental error. Doctor does not raise any error as to the formal jury instructions at the close of the evidence.
We adhere to our decision in Freeman v. State, 576 So.2d 415 (Fla. 3d DCA 1991), and hold that "the giving of the instruction does not otherwise rise to the level of fundamental error...." Freeman, 576 So.2d at 416.
We decline Doctor's invitation to follow Jones v. State, 656 So.2d 489 (Fla. 4th DCA), review denied, 663 So.2d 632 (Fla.1995), as we find it antithetical to our holding in Freeman. Therefore, we affirm Doctor's convictions.
Affirmed.
LEVY, J., concurs.
SCHWARTZ, Chief Judge (specially concurring).
In my opinion, the remarks to the jury in this case, in our previous cases of Freeman v. State, 576 So.2d 415 (Fla. 3d DCA 1991) and Perez v. State, 639 So.2d 200 (Fla. 3d DCA 1994), and in the line of Fourth District decisions which began with Jones v. State, 656 So.2d 489 (Fla. 4th DCA 1995), review denied, 663 So.2d 632 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 1451, 134 L.Ed.2d 570 (1996),[1] were
1.
not erroneous, Victor v. Nebraska, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994); Jones, 656 So.2d at 491 ("At bar, the trial judge's instructions were accurate as far as they went."); and
2.
if erroneous, were not harmfully so in the light of the complete, and completely accurate instructions repeatedly given the jury on the burden of proof issue, particularly at the most critical time immediately before its deliberations, Esty v. State, 642 So.2d 1074 (Fla.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1380, 131 L.Ed.2d 234 (1995); Higginbotham v. State, 155 Fla. 274, 276-77, 19 So.2d 829, 830 (1944) ("[A] single instruction cannot be considered alone but must be considered in light of all other instructions bearing upon the same subject, and if, when so considered, the law appears to have been fairly presented to the jury, the assignment on the instruction must fail."); and
3.
if harmfully erroneous, were not fundamentally so since they could easily have been "corrected" upon objection and in no way affected "the validity of the trial itself." See State v. Delva, 575 So.2d 643, 644 (Fla.1991); Castor v. State, 365 So.2d 701 (Fla.1978); Brown v. State, 124 So.2d 481 (Fla.1960).
Cardozo has described the process which I believe may have led to the Fourth District's contrary decisions:
Judges march at times to pitiless conclusions under the prod of a remorseless logic which is supposed to leave them no alternative. *1374 They deplore the sacrificial rite. They perform it, none the less, with averted gaze, convinced as they plunge the knife that they obey the bidding of their office. The victim is offered up to the gods of jurisprudence on the altar of regularity.
Benjamin Cardozo, The Growth of the Law, in Selected Writings of Benjamin Nathan Cardozo 214 (Margaret E. Hall ed. 1947). I concur without reservation in this Court's continued refusal to do the same.
LEVY, J., concurs.
NOTES
[1] Accord Reyes v. State, 674 So.2d 921 (Fla. 4th DCA 1996); Variance v. State, ___ So.2d ___ [1996 WL 1175] (Fla. 4th DCA Case no. 94-3019, opinion filed, January 3, 1996) [21 FLW D79], review granted (Fla. Case no. 87,916, July 19, 1996); Cifuentes v. State, 674 So.2d 743 (Fla. 4th DCA 1996); Poole v. State, 674 So.2d 746 (Fla. 4th DCA 1996); McInnis v. State, 671 So.2d 803 (Fla. 4th DCA 1996); Pierce v. State, 671 So.2d 186 (Fla. 4th DCA 1996), review granted 677 So.2d 841 (Fla.1996); Bove v. State, 670 So.2d 1066 (Fla. 4th DCA 1996), cause dismissed, 678 So.2d 339 (Fla.1996); Wilson v. State, 668 So.2d 998 (Fla. 4th DCA 1995), review granted, 672 So.2d 543 (Fla.1996); Frazier v. State, 664 So.2d 985 (Fla. 4th DCA 1995), review denied, 666 So.2d 145 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 1679, 134 L.Ed.2d 781 (1996); Rayfield v. State, 664 So.2d 6 (Fla. 4th DCA 1995), review denied, 664 So.2d 249 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 1421, 134 L.Ed.2d 545 (1996); Jones v. State, 662 So.2d 365 (Fla. 4th DCA 1995), review denied, 664 So.2d 249 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 1421, 134 L.Ed.2d 546 (1996).