SCHWARTZ, Chief Judge.
The appellant’s primary contention is the one we rejected in Doctor v. State, 677 So.2d *846 1372 (Fla. 3d DCA 1996). We do so again on the authority of that decision. Contra Jones v. State, 656 So.2d 489 (Fla. 4th DCA 1995), review denied, 663 So.2d 632 (Fla.1995), cert. denied, — U.S. —, 116 S.Ct. 1451, 134 L.Ed.2d 570 (1996), and cases cited in Doctor, 677 So.2d at 1373 n. 1. His other point concerns comments by the trial judge to the jury panel as to the manner in which they should respond to questions on voir dire.[1] The statements were at once innocuous, unobjectionable and unobjected to below.
Affirmed.

. For example:
This is not a test. There are no right or wrong answers. There are only honest answers to honest questions.
And the lawyers and myself are not prying into your personal affairs because we have nothing better to do.
We need to find out this information so they can make an intelligent choice as to who the jurors will be.
We've heard all the reasons and all the excuses both real and phony as to why people don't want to serve on juries. They come up with some pretty good ones and some ridiculous ones. Some you can see right through them.
I'm assuming by the fact that you didn't stay at work today and you came down to the building and honored your summons that you're willing to participate in the jury system so that we can try to resolve these cases so that we can attempt to make the system work.
It doesn't even begin to work if people shake their duty, their civic obligation and sit on juries.
Doesn’t work if people give us less than honest answers to questions so that they’ll get off of jury service.
We've heard all of those things including people that say I don't speak English and lived here for thirty five and forty years, it’s just so obvious.
We need to have all of you take this as seriously as we do because resolving criminal cases, picking juries and actually trying criminal cases is a very serious business for everybody involved.
[[Image here]]
We’re all people, we’re all human beings, we come into the courtroom and we’re all prejudiced about something, biased about something, feel sympathetic towards certain types of people. We all have that. And people who tell us that they don't have are not being truthful with us.
[[Image here]]
Number ten, have you or someone close to you ever been the victim of a crime. For our purpose someone close to you is a relative or someone so close to you that you treat them as if they’re a relative.
Doesn't mean the neighbor down the street or the person who shares a space with you in the office complex you are in unless they have that kind of special relationship.
Obviously if you were the victim of a violent crime such as this, it may make a difference on how you decide this case.
If somebody stole a lawnmower off your lawn and you told us I could never give this defendant a fair trial because somebody stole my lawnmower. We know you're angling to get off of jury service because they don't equate. I’m not calling you a liar, I’m just saying it doesn't equate.
If you’re the victim of a violent assault, it may make a difference in how you look at the defendant and how you decide this case.