SHAHOOD, Judge.
This is an appeal by Charles Smith, appellant, from his conviction and sentence following a jury trial for the charges of kidnapping, impersonating a law enforcement officer during a felony, extortion, and burglary. While we do not encourage the trial court’s giving of extemporaneous non-standard jury instructions on reasonable doubt, we find no error in the informal comments made by the court to the jury venire in this case, and affirm the decision of the trial court. We find the remaining points raised by appellant to be without merit, and affirm. Based on the appellee’s concession of error with respect to sentencing, we remand for resen-tencing.
Prior to swearing the jury to try this case, the trial court made certain preliminary comments to the prospective jurors in the venire regarding various “constitutional principles,” including reasonable doubt. The court explained that the “burden of proof in a criminal case is to prove the elements of the crime beyond a reasonable doubt, every reasonable doubt in your mind.” The court continued by saying:
If any one of' those elements still remains whereby you have a reasonable doubt in your mind, that means the State did not meet their [sic] burden of proof. It means that [the prosecutor] did not erase all reasonable doubts from your mind about the elements of the crime. He can’t just prove two out of three. He has to prove all three, if three is the amount of elements in a particular crime, everybody understand that?
Remember, he doesn’t have to prove that it was raining out or sunny out, or somebody has on brown shoes or black shoes; those are not elements of the crime. And they have something to do with the case and maybe relate to some of the elements, I don’t know, but those are not the elements. He only has to prove the elements of the crime.
He may never be able to prove this case or any other case to 100 percent certainty, everybody understand that? You weren’t there, you didn’t see what went on so you will never know 100 percent certain what happened. If you were there and saw what went on, you wouldn’t be a juror, you would be a witness. Since you weren’t there and since you have to rely upon the testimony and evidence in the case of people who claim that they may know something about this and determine whether they are telling the truth, whether they were lying or mistaken, you’re still never gonna know for 100 percent certain.
Proof beyond a reasonable doubt is a very stiff burden and it should be. And in order for you to come back with a guilty verdict, they have to meet that burden of *1145 proof, proof beyond a reasonable doubt. He has to erase all reasonable doubts in your mind about the elements of the crime. If he can do that, that is the only thing that will erase the presumption of innocence. That is the only thing that will erase the presumption of innocence, is to meet the burden of proof, everybody understand that?
At the conclusion of all the evidence, just before the jury retired to begin their deliberations, the trial court instructed the jury with the standard jury instructions in criminal cases, including the instruction on reasonable doubt, as follows:
Whenever the words “reasonable doubt” are used you may consider the following:
A reasonable doubt is not a possible doubt, a speculative, imaginary or forced doubt. Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction of guilt. On the other hand, if, after carefully considering, comparing and weighing all the evidence, there is not an abiding conviction of guilt, or, if, having a conviction, it is one which is not stable but one which wavers and vacillates, then the charge is not proved beyond every reasonable doubt and you must find the defendant not guilty because the doubt is reasonable.
It is to the evidence introduced upon this trial, and to it alone, that you are to look for that proof.
A reasonable doubt as to the guilt of the defendant may arise from the evidence, conflict in the evidence or the lack of evidence.
If you have a reasonable doubt, you should find the defendant not guilty. If you have no reasonable doubt, you should find the defendant guilty.
This court in Jones v. State, 656 So.2d 489, 490 (Fla. 4th DCA), rev. denied, 663 So.2d 632 (Fla.1995), cert. denied, — U.S. -, 116 S.Ct. 1451, 134 L.Ed.2d 570, (1996), reversed the trial court because of the extemporaneous instruction given by the court to the jury prior to beginning of the evidentiary portion of the case. The pertinent part of the extemporaneous or “cardinal rule” instruction given by the court in Jones was as follows:
Now, the third cardinal rule is that in order for you the jury to find the Defendant guilty you must be satisfied, the State must convince you beyond and to the exclusion of every reasonable doubt that the Defendant is guilty.
That’s what is known as the standard of proof, and that’s a landmark concept. That’s a bedrock foundation of our American Criminal jurisprudence system. That anytime any jury anywhere in the United States of America, no matter what the charge is the State must demonstrate to the jury and satisfy to the jury beyond and to the exclusion of every reasonable doubt of the Defendant’s guilt.
Now, I’ll give you a more elaborate definition of what that phrase and concept means. The phrase beyond and to the exclusion of every reasonable doubt means suffice it to say it’s a very heavy burden that the State shoulders. Whenever charging somebody with committing a crime in order to secure conviction from the jury.

But even though it’s a very heavy burden the State does not, I repeat, stress, emphasize, the State does not have to convince you the jury to an absolute certainty of the Defendant’s guilt. You do not have to be one hundred percent certain of the Defendant’s guilt in order to find the Defendant guilty.

The point I’m trying to make is you can still have a doubt as to the Defendant’s guilt and still find him guilty so long as it’s not a reasonable doubt. A reasonable doubt simply stated is a doubt you can attach a reason to. If you have a doubt you can attach a reason to that’s a reasonable doubt and you must find the Defendant not guilty. But if the only kind of doubt you have as to the Defendant’s guilt is a possible doubt, a speculative doubt, an imaginary doubt, a forced doubt, that’s not a reasonable doubt. And if all the elements of the crime have been proven to you then you must find the Defendant guilty.
(emphasis added).
In Wilson v. State, 668 So.2d 998, 999 n. 1 (Fla. 4th DCA 1995), rev. granted, 672 So.2d *1146 543 (Fla.1996), this court, again relying on Jones, reversed the trial for giving the following “cardinal rule” instruction to the jury:
Now, I’ll give you a more elaborate definition of what that phrase beyond to [sic] the exclusion of every reasonable doubt means when I give you the legal instructions at the conclusion of the trial. Suffice it to say it’s a very heavy burden the State shoulders whenever it charges somebody with committing a crime. In order to secure a conviction that is it [sic] has to convince a jury beyond and to the exclusion of every reasonable doubt of the defendant’s guilt. But even though it’s a heavy burden the state does, I repeat, stress, emphasize, the state does not have to convince you to an absolute certainty of the defendant’s guilt. Nothing is absolutely certain, nothing is absolutely certain in life other than death and taxes. So the point I’m trying to make is you can still have a doubt as to the Defendant’s guilt and still find him guilty so long as it’s not a reasonable doubt. A reasonable doubt simply stated is a doubt you can attach a reason to.
If you have a doubt at the conclusion of this trial you have a doubt as to the defendant’s guilt that you can attach a reason to you must find the defendant not guilty. But if on the other hand at the conclusion of this trial the only kind of doubt you have as to the defendant’s is a possible doubt, a speculative doubt, an imaginary doubt, a forced doubt, that’s not a reasonable doubt. If all elements of the crime have been proven to you must find the defendant guilty.
The Jones decision was relied upon in reversing the trial court in this district in Reyes v. State, 674 So.2d 921 (Fla. 4th DCA 1996); Pierce v. State, 671 So.2d 186 (Fla. 4th DCA 1996), rev. granted, 677 So.2d 841 (Fla.1996); and Rayfield v. State, 664 So.2d 6 (Fla. 4th DCA), rev. denied, 664 So.2d 249 (Fla.1995), with the court finding it to be “fundamental error” when the trial court “minimizes” the reasonable doubt instruction. As stated in Jones:
[t]his kind of minimization of the reasonable doubt standard violates the due process clause of the federal and state constitutions. See Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (12§Q)[disapproved of on other grounds, Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ], wherein the Supreme Court deemed unacceptable a trial court’s instruction that reasonable doubt “must be such doubt as would give rise to a grave uncertainty, raised in your mind by reasons of the unsatisfactory character of the evidence or lack thereof.”
Jones, 656 So.2d at 490-91.
The United States Supreme Court in the recent ease of Victor v. Nebraska, 511 U.S. 1, -, 114 S.Ct. 1239, 1249, 127 L.Ed.2d 583, 590 (1994), found no error in the following instruction given by the trial court:
‘Reasonable doubt’ is such a doubt as would cause a reasonable and prudent person, in one of the graver and more important transactions of life, to pause and hesitate before taking the represented facts as true and relying and acting thereon. It is such a doubt as will not permit you, after full, fair, and impartial consideration of all the evidence, to have an abiding conviction, to a moral certainty, of the guilt of the accused. At the same time, absolute or mathematical certainty is not required. You may be convinced of the truth of a fact beyond a reasonable doubt and yet be fully aware that possibly you may be mistaken. You may find an accused guilty upon the strong probabilities of the case, provided such probabilities are strong enough to exclude any doubt of his guilt that is reasonable. A reasonable doubt is an actual and substantial doubt arising from the evidence, the facts or circumstances shown by the evidence, or from the lack of evidence on the part of the state, as distinguished from a doubt arising from mere possibility, from bare imagination, or from fanciful conjecture.
(emphasis added).
The instruction given in Victor can be equated with the comments given by the court in the instant case, and distinguishable from the instructions given in Jones and its progeny. In the instant case the preliminary statement was well balanced. The court told *1147 the jury venire that the state had a very stiff burden and continually emphasized that the state must prove the defendant’s guilt beyond and to the exclusion of every reasonable doubt. This was not the situation in Jones. Rather, in Jones, the trial court told the jury that “Now, I’ll give you a more elaborate definition of what that phrase and concept means.” Further, the court in Jones stated, “The point I’m trying to make is you can still have a doubt as to the defendant’s guilt and still find him guilty so long as it’s not a reasonable doubt. A reasonable doubt simply stated is a doubt you can attach a reason to.” We agree that such a statement by the court was incomplete and minimized the reasonable doubt standard. We agree as well that failure to give a complete and accurate instruction would constitute fundamental error. See Jones, 656 So.2d at 491.
A thorough reading of the statements given by the trial court to the venire in this case is unequivocally distinguishable from the language found in the Jones ease and its progeny. In this court’s opinion, the comments by the trial court focused on the state’s burden of proof rather than the reasonable doubt standard. We therefore distinguish the preliminary statements given in the instant case from the instruction given in Jones, and affirm the decision of the trial court.
As to the sentencing issue, we note that the trial court sentenced the appellant as a habitual violent offender to fifteen years’ imprisonment while the written sentence reflects twenty-five years’ imprisonment, including a ten-year mandatory minimum. The state concedes error, acknowledging that the trial court’s written sentence must conform with the court’s oral pronouncement. See Arroyo v. State, 651 So.2d 223 (Fla. 4th DCA 1995). We therefore remand for resen-tencing with direction that appellant be sentenced in accord with the court’s oral pronouncement.
Affirmed; remanded for resentencing.
STONE, J., and JUAN RAMIREZ, Jr., Associate Judge, concur.