PER CURIAM.
We grant the petition for writ of habeas corpus and direct that the matter proceed as a belated appeal upon the question whether the trial court’s preliminary instruction regarding the definition of reasonable doubt constituted prejudicial error.
Only upon the filing and review of the transcripts of all instructions by the trial court upon this question and after full briefing on this point can this issue be resolved.
What we do decide is that petitioner received ineffective assistance of appellate counsel, who failed to raise the issue in the earlier direct appeal that the trial court’s preliminary instruction constituted fundamental error. See Jones v. State, 656 So.2d 489 (Fla. 4th DCA), rev. denied, 663 So.2d 632 (Fla.1995), cert. denied, — U.S. —, 116 S.Ct. 1451, 134 L.Ed.2d 570 (1996). Our decision in Jones had been rendered by the time appellant’s brief in the earlier appeal was filed. We consider this to be important because if Jones had not been decided, then the following holding in Steinhorst v. Wainwright, 477 So.2d 537 (Fla.1985), would apply:
The failure to present a novel legal argument not established as meritorious in the jurisdiction. of the court to whom one is arguing is simply not ineffectiveness of legal counsel.
Id. at 540; see also Wilson v. State, 668 So.2d 998 (Fla. 4th DCA 1995), question certified, 21 Fla. L. Weekly D476 (Fla. 4th DCA Feb. 21), juris, accepted, 672 So.2d 543 (Fla.1996); Bove v. State, 670 So.2d 1066 (Fla. 4th DCA), dismissed, 678 So.2d 339 (Fla.1996); Mclnnis v. State, 671 So.2d 803 (Fla. 4th DCA 1996). Accordingly, we direct petitioner to file a notice of belated appeal in the circuit court within thirty days of the date of this opinion.
GUNTHER, C.J., and GLICKSTEIN and PARIENTE, JJ., concur.