GROSS, J.
After a jury trial, James West was convicted of robbery with a firearm and aggravated battery with a deadly weapon. The robbery occurred at a convenience store, where a security camera recorded the incident on videotape. The only eyewitness was the store clerk, who testified that two robbers wore ski hats covering their faces.
The clerk recognized West’s voice because he often came to the store and had been there earlier the same day to get change for a five dollar bill. The clerk told the officer who responded to the store that “he recognized the suspect’s voice as somebody he believed frequented the store and lived in the neighborhood.”
*666 Two weeks after the robbery, West came into the store. The clerk recognized West and his voice and called the police, who went to the store and placed West under arrest.
At trial, while the store clerk, was on the witness stand, the state requested a sidebar and asked the court to direct West to speak so that the store clerk could hear his voice and identify it. The defense raised two objections — a general one “on the constitution,” and a second, that requiring West to speak without prior notice was a discovery violation. The court overruled the objections and required West to read the words spoken by the robber.[1] The clerk identified West’s voice as the voice of one of the robbers.
On appeal, West contends that a discovery violation occurred because Florida Rule of Criminal Procedure 3.220(c) required the state to give “reasonable notice” that he would be required to provide a voice exemplar at trial.
We find no discovery violation. This case is controlled by Larkin v. State, 474 So.2d 1282 (Fla. 4th DCA 1985). Larkin held that rule 3.220(c) applied to pretrial situations, and not to trial, so that the state was not required “to advise [a defendant] ahead of time that it intends to request a voice identification at trial.” Id. at 1284. Although West urges us to revisit Larkin, it is still good law. Rule 3.220(c) contemplates the situation where the state seeks to obtain evidence prior to trial; rule 3.220(c)(2) requires “reasonable notice of the time and location” of the defendant’s appearance, if “the personal appearance of a defendant is required ” for the evidence collection contemplated in subsection (c)(1) (emphasis added). This language does not apply to the trial itself. Rule 3.180 mandates a defendant’s appearance at trial.
West argues that Larkin allows trial by ambush and surprise. However, the law requires a defendant to anticipate that he may be compelled to provide nontesti-monial evidence at trial — such as his face, voice exemplar, fingerprint, or by trying on an article of clothing. See Macias v. State, 515 So.2d 206, 208 (Fla.1987); Freeman v. State, 576 So.2d 415 (Fla. 3d DCA 1991). The rules of criminal procedure do not require a separate notice of the state’s trial strategy.
We affirm the convictions for robbery with a firearm and aggravated battery with a deadly weapon. We also affirm the order revoking West’s probation.
MAY, J„ and SCOLA, JACQUELINE H., Associate Judge, concur.

. Neither at trial, nor on this appeal, did West object on the grounds that “the prejudicial effect of having the defendant speak the actual words used by the [robber] in the crime outweighed its probative value in the case.” Macias v. State, 673 So.2d 176, 182 (Fla. 4th DCA 1996). Accordingly, we do not reach that issue.