SAWAYA, J.
This appeal presents an issue regarding juror questioning during trial.[1] It is whether the due process rights of Appellant, Gilbert Carino, were violated when the trial court notified Carino and the State of a question posed by a juror in the midst of the State’s case-in-chief inquiring as to the whereabouts of a certain witness and noting the juror’s belief that the jury needs to hear from that witness. Carino contends that this query allowed the juror to give aid and assistance to the State, prompted the State to subsequently pres *380 ent that witness and his testimony to the jury, and deprived him of his due process rights to a fair and impartial trial where the State was required to meet its burden of proof without assistance from the jury. Carino, having been convicted of attempted sexual activity with a child and attempted lewd and lascivious exhibition, concludes that his motion for mistrial raising these arguments should have been granted.
When the trial court announced, its decision to allow juror questioning of the witnesses, Carino lodged an objection to any questions being asked of any witness on due process grounds. The trial court overruled the objection. The first witness called by the State was the victim’s mother. After her testimony concluded, the victim was called to testify. At the conclusion of the victim’s examination and cross-examination, a juror submitted in writing the following question and comment: “Where is the father now? We need to hear from him.” We digress briefly to explain that the “father” is the victim’s stepfather and Carino’s brother. When the trial court advised the attorneys of this question and comment during the ensuing bench conference, Carino once again objected and moved for a mistrial, contending that the trial court erred in advising the State of the question and comment because it aided and assisted the State in the presentation of its evidence and in meeting its burden of proof. The trial court denied the motion. After calling two other witnesses, the State called the stepfather to testify. The trial proceeded to conclusion, resulting in the verdict of guilty to the crimes previously mentioned. Carino appeals the denial of his motion for mistrial, contending that the trial court erred in disclosing the question and comment to the State.
As a prelude to his disclosure argument, Carino condemns the practice of juror questioning as a violation of due process and contends that the trial court erred in permitting juror questioning of any witness. The submission of juror questions during trial is not a new or novel concept in the realm of trial procedure. See Ferrara v. State, 101 So.2d 797, 801 (Fla.1958) (stating that there may be appropriate circumstances when a juror “might be completely justified in propounding a question” and that the procedure for juror questioning “should be ... controlled by the discretion of the trial judge”). Although some courts have expressed misgivings and concerns about the practice, fearing unintended consequences that could disrupt the orderly process of the trial and deprive a litigant of a fair and impartial proceeding, see United States v. Bush, 47 F.3d 511, 514-16 (2d Cir.1995) (holding that “direct questioning by jurors is a ‘matter within the judge’s discretion, like witness-questioning by the judge himself,’ ” but stating that the court strongly discourages the practice due to its associated dangers (quoting United States v. Witt, 215 F.2d 580, 584 (2d Cir.1954)) (other citations omitted)), juror questioning “ ‘has been condoned as permissible trial practice’ ” in more recent decisions emanating from the Florida Supreme Court. Morris v. State, 931 So.2d 821, 829 (Fla.2006) (quoting Watson v. State, 651 So.2d 1159, 1163 (Fla.1994)). The supreme court has also adopted a rule of criminal procedure that implements the practice of juror questioning during trial proceedings. Fla. R. Crim. P. 3.371. As indicated by the cases and rule just cited, this practice is a matter directed to the discretion of the trial court, and the rule governs the procedure to be followed should that discretion be exercised in favor of questioning. We do not believe that the practice violates due process, and we see no abuse of discretion in allowing juror questioning dur *381 ing Carino’s trial, so we will address Cari-no’s specific disclosure argument.
We reject the notion that a juror posing a question concerning the whereabouts of a certain witness and expressing the need to hear from that witness transforms the juror into an aider and abettor in the State’s quest to convict the defendant of the crime charged. And the trial court disclosing that query to both Carino and the State does not constitute error: to the contrary, failure of the trial court to advise the parties of the question and comment would have been error. See Rushen v. Spain, 464 U.S. 114, 119, 104 S.Ct. 458, 78 L.Ed.2d 267 (1983) (“When an ex parte communication [between judge and juror] relates to some aspect of the trial, the trial judge generally should disclose the communication to counsel for all parties.” (footnote omitted)); State v. Hunter, 358 So.2d 50, 51 (Fla. 4th DCA 1978) (“The determination of what must be done in response to a jury inquiry must be made in the presence of the defendant and his counsel.”); see also Fla. R. Crim. P. 3.371(b) (implicitly requiring that the questions be disclosed to the parties to give them an opportunity to object).
Equally unavailing is Carino’s argument that the juror’s question was the impetus for the State’s presentation of the stepfather’s testimony to the jury. The record reflects that the State listed the stepfather on its witness list well before trial; the stepfather had been deposed by Carino prior to trial; the State had issued the stepfather a subpoena to appear at trial; at the beginning of voir dire the State announced its list of potential witnesses (presumably to determine whether any of the potential jurors knew any of them), which included the stepfather; and the juror presented his question in the midst of the State’s case-in-chief and before it rested. Although Carino elicited proffered testimony from the stepfather outside the hearing of the jurors that he did not want or intend to testify (remember that he is Carino’s brother), that he did not expect to testify, and that he appeared at trial because his wife told him he had to appear, these facts do not establish that the State did not intend to call him as a witness prior to revelation of the juror’s question and comment. The prosecutor formulates trial strategy on behalf of the State and shepherds it through the trial process and, having made adequate preparation prior to trial to call the stepfather as a witness, it was up to the prosecutor to decide whether to call the witness despite the juror’s question and comment. See, e.g., Paey v. State, 943 So.2d 919, 931 (Fla. 2d DCA 2006) (discussing generally the state’s trial strategy); West v. State, 912 So.2d 665, 666 (Fla. 4th DCA 2005) (“The rules of criminal procedure do not require a separate notice of the state’s trial strategy.”); State v. Reeves, 444 So.2d 20, 23 (Fla. 2d DCA 1983) (holding that prosecutor decides which witnesses to call on behalf of the state and he may not be compelled to call a witness by the defendant).
We conclude that the practice of juror questioning during trial does not violate due process; disclosing the question and comment to the State was not error and did not deprive Carino of a fair trial; and the trial court did not abuse its discretion in denying Carino’s motion for mistrial. See Floyd v. State, 913 So.2d 564, 576 (Fla.2005) (“The standard of review applied to motions for mistrial is abuse of discretion.” (citation omitted)). We thus affirm the convictions under review.
AFFIRMED.
TORPY, C.J. and LAWSON, JJ„ concur.

. Carino raises another issue: whether the trial court erred in refusing to strike two jurors for cause. We affirm as to this issue without further discussion.