MILLS, Judge.
By its decision in Snow v. State, 443 So.2d 1074 (Fla. 1st DCA 1984), this Court declined to consider the issue raised by Snow on appeal because Snow failed to raise the issue in the trial court.
*1314 By its decision in State v. Snow, 462 So.2d 455 (1985), the Supreme Court quashed this Court’s decision and remanded the case for it to determine whether the trial court complied with Section 947.-16(3)(a), Florida Statutes (1981). The trial court did comply and we affirm.
Section 947.16(3) provides that “in any case of a person convicted of ... sexual battery ... the judge may enter an order retaining jurisdiction over the offender....” Subsection (3)(a) states:
In retaining jurisdiction for the purposes of this act, the trial judge shall state the justification with individual particularity, and said justification shall be made a part of the court record.
In retaining jurisdiction the trial court stated on the record, “... because you did terrify, terrorize a 16-year-old girl, I feel that’s ample justification to retain jurisdiction for one-third of the sentence here imposed. ...”
The Supreme Court on page 1 of its opinion noted that “on the record, the trial judge stated his justification for retaining jurisdiction was that Snow terrified and terrorized a sixteen-year-old girl.”
It is clear that the trial judge complied with the explicit requirements of Section 947.16(3)(a).
Affirmed. This Court has complied with the Supreme Court’s mandate dated 5 February 1985.
SHIVERS and ZEHMER, JJ., concur.