PER CURIAM.
Appellant challenges the trial court s retention of jurisdiction over one-third of his forty-five year sentence for kidnapping with a weapon. We affirm.
Appellant filed a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.800(a) and argued, inter alia, that the trial court failed to offer sufficient reasons for its retention of jurisdiction as required under section 947.16(3), Florida Statutes (1982).[1] The trial court denied appellant’s motion in this regard, reasoning that this court’s earlier denial of appellant’s petition for writ of habeas corpus had established the law of the case. Appellant’s earlier petition raised the same issue, but failed to provide an adequate record for review and so was denied without prejudice to seek relief under Fla.R.Crim.P. 3.800(a). Appellant’s motion has not yet been addressed on its merits and therefore the trial court erred in concluding that the issue was subject to the law of the case doctrine.
While the trial court’s reasoning is incorrect, the record supports its denial of appellant’s motion. A thorough review of the sentencing hearing and sentencing order reveals that the court did offer sufficient reasons for its retention of jurisdiction with adequate individual particularity to satisfy the requirements of section 947.-16(3). See generally Snow v. State, 464 So.2d 1313 (Fla. 1st DCA 1985); Harden v. State, 428 So.2d 316 (Fla. 4th DCA 1983); Moore v. State, 392 So.2d 277 (Fla. 5th DCA 1980). Further, the subsequent written reasons correspond with those expressed by the court in appellant’s presence at the sentencing hearing. See Larkin v. State, 474 So.2d 1282 (Fla. 4th DCA 1985).
Accordingly, we affirm the trial court’s retention of jurisdiction over appellant’s forty-five year sentence for kidnapping with a weapon.
AFFIRMED.
DELL, GUNTHER and POLEN, JJ., concur.

. Section 947.16(3) is now section 947.16(4), Fla.Stat. (1989).