CORTINAS, Judge.
The defendant, Terrence Johnson, appeals from the summary denial of his motion to correct illegal sentence pursuant to Rule 3.800, Florida Rules of Criminal Procedure. .We affirm.
The defendant acknowledges that he has previously raised the same issue he raises here on at least two occasions and that the denial of relief was affirmed by this court. Johnson v. State, 873 So.2d 1229 (Fla. 3d DCA 2004); Johnson v. State, 803 So.2d 737 (Fla. 3d DCA 2001). Nevertheless, *1166 the defendant argues that his claim is one where the application of collateral estoppel would result in manifest injustice. State v. McBride, 848 So.2d 287 (Fla.2003). We disagree.
The defendant claims that the trial court’s reasons for retaining jurisdiction over one-third of his sentence were legally insufficient and that this court has never ruled on the merits of his claim. The defendant is under the misimpression that this court’s prior decisions without written opinion did not result in a ruling on the merits. He is mistaken. In prior cases, we fully considered his claim and rejected it. Johnson v. State, 873 So.2d 1229 (Fla. 3d DCA 2004); Johnson v. State, 803 So.2d 737 (Fla. 3d DCA 2001).
Nevertheless, we write to explain that there is no “manifest injustice” to preclude the application of collateral estoppel. McBride, 848 So.2d at 291.
In the instant case, the defendant was convicted and adjudicated guilty of one count of sexual battery and three counts of kidnapping. At the sentencing hearing, the State explained:
The Court is well aware of the facts in this particular case, as the Court sat through the trial one week in length. With respect to these facts, the State will not belabor the particular viciousness of the offense. I would remind the Court that the woman who was raped is a mother of two children. The two other individuals who were victimized by Mr. Terrence Johnson were locked inside a sauna turned to maximum heat for a period of an hour and a half. The Court has heard all of the testimony. It is reprised [sic] of the background of Mr. Johnson, his previous record, it is aware of his conduct in the proceedings in this trial. I would request that the Court consider the particular viciousness of this offense, the seriousness of the offenses, the undertaking with which the police had to go through to take this individual into custody. And the State would request that the Court protect society, specifically the State of Florida, from further acts of this particular individual.
After hearing from defense counsel, the trial court gave the following reasons for retaining jurisdiction: that the evidence of guilt was overwhelming, that the crime was committed in a violent, vicious, and premeditated manner, that the defendant showed indifference to the pleas of mercy by the rape victim, that the crimes were deliberate, and that the defendant intentionally inflicted both mental and physical pain upon all the victims without any show of remorse. We hold that these reasons were stated with sufficient particularity for the trial court to properly retain jurisdiction. Snow v. State, 464 So.2d 1313 (Fla. 1st DCA 1985) (holding that trial court’s statement that the defendant “terrified and terrorized a sixteen-year-old girl” was sufficient to justify retention of jurisdiction).
Because the defendant cannot demonstrate manifest injustice, collateral estop-pel applies, and we write only to advise the defendant that his claims have been denied on the merits and to caution the defendant that there may be repercussions to abusing the judicial process. Duncan v. State, 728 So.2d 1237 (Fla. 3d DCA 1999)(eau-tioning that a prisoner’s gain time is subject to forfeiture if he or she is found to have brought a frivolous suit, action, claim, proceeding, or appeal in any court).
Affirmed.