668 So.2d 998 (1995)
Milo WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2204.
District Court of Appeal of Florida, Fourth District.
December 20, 1995.
Order Granting Certification of Question and Stay of Mandate February 21, 1996.
Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, Judge.
Milo Wilson timely appeals from a final judgment adjudicating him guilty of grand theft. Two points are raised on appeal, both of which require reversal.
Wilson initially appeals the trial court's extemporaneous reasonable doubt instruction to the jury pool as constituting fundamental error. Prior to empaneling the jury, the court discussed certain aspects of a trial with the jury pool. Within that discussion, *999 the court discussed certain "cardinal rules" that apply to criminal trials. The third of those rules was that the jury should not demand proof beyond all doubt or complete certainty before finding the appellant guilty.
Factually, this case is controlled by this court's decision in Jones v. State, 656 So.2d 489 (Fla. 4th DCA 1995). In Jones, the trial court gave similar extemporaneous instructions to the jury pool prior to voir dire. This court found the instructions to be fundamental error, as it deprived the appellant of his right to rely on the correct standard of reasonable doubt.
We have recently followed the Jones decision in Rayfield v. State, 664 So.2d 6 (Fla. 4th DCA 1995). In Rayfield, instructions similar to those in Jones were given to the jury pool. This court reversed, citing the "all-but-identical preliminary instructions on reasonable doubt" as grounds for reversal.
In the case at bar, the trial court gave similar preliminary instructions to the jury pool. Again, the judge discussed "cardinal rules," the third being the state does not have to convince the jury to an absolute certainty of the defendant's guilt. These instructions, like those in Jones, were tantamount to telling the jury that it could base a guilty verdict on a probability of guilt so long as it was a remarkably strong probability. This kind of minimization of the reasonable doubt standard violates the due process clause of the state and federal constitutions. See Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). We again find such instruction to be fundamental error.
Wilson also appeals the trial court's decision to instruct the jury on grand theft as a lesser included offense of the charged offenses of armed robbery. The charging document failed to allege any value of the property taken. In Pierce, this court clearly held that in order for the state to preserve its right to a lesser included conviction for grand theft, the information must contain an allegation that sufficiently states the value of the property taken. Pierce v. State, 641 So.2d 439 (Fla. 4th DCA 1994).
The information charged Wilson with unlawfully taking "money and jewelry" with the intent to permanently deprive. Like the facts in Pierce, the charging statement did not allege the value of the property taken. The state's failure to include such values precludes a conviction for grand theft.
We reverse for a new trial, but because the jury did not find Wilson guilty of armed robbery, he may be tried only for petit theft.
REVERSED.
KLEIN and PARIENTE, JJ., concur.

ON MOTION FOR CERTIFICATION OF QUESTION AND STAY OF MANDATE
POLEN, Judge.
The State of Florida has moved this court to stay the mandate from our December 20, 1995, opinion and certify the issue in this case as one of great public importance.
We grant the stay and certify the question as being of great public importance; although we do not adopt the state's proposed certified question, we certify the following questions:
DOES THE JURY INSTRUCTION GIVEN IN THIS CASE[1] IMPERMISSIBLY *1000 REDUCE THE REASONABLE DOUBT STANDARD BELOW THE PROTECTIONS OF THE DUE PROCESS CLAUSE?
IF SO, IS SUCH AN INSTRUCTION FUNDAMENTAL ERROR?
KLEIN and PARIENTE, JJ., concur.
NOTES
[1] Prior to empaneling the jury, the judge discussed "cardinal rules" that apply to every criminal trial. During his third "cardinal rule" he discussed reasonable doubt and what the state was required to prove. The erroneous instructions were:

Now, I'll give you a more elaborate definition of what that phrase beyond to [sic] the exclusion of every reasonable doubt means when I give you the legal instructions at the conclusion of the trial. Suffice it to say it's a very heavy burden the State shoulders whenever it charges somebody with committing a crime. In order to secure a conviction that is it [sic] has to convince a jury beyond and to the exclusion of every reasonable doubt of the defendant's guilt. But even though it's a heavy burden the state does, I repeat, stress, emphasize, the state does not have to convince you to an absolute certainty of the defendant's guilt. Nothing is absolutely certain, nothing is absolutely certain in life other than death and taxes. So the point I'm trying to make is you can still have a doubt as to the Defendant's guilt and still find him guilty so long as it's not a reasonable doubt. A reasonable doubt simply stated is a doubt you can attach a reason to.
If you have a doubt at the conclusion of this trial you have a doubt as to the defendant's guilt that you can attach a reason to you must find the defendant not guilty. But if on the other hand at the conclusion of this trial the only kind of doubt you have as to the defendant's is a possible doubt, a speculative doubt, an imaginary doubt, a forced doubt, that's not a reasonable doubt. If all elements of the crime have been proven to you you must find the defendant guilty.