POLEN, Judge.
Francisco Rodriguez appeals from a final judgment convicting him of attempted first degree murder using a knife, and aggravated battery with a deadly weapon. The charges resulted from a fight outside a bar during which Rodriguez stabbed the victims. Rodriguez raises four separate points on appeal, one of which warrants reversal.
We reverse because the instructions on reasonable doubt given by the trial court prior to empaneling the jury were identical to those that this court found to be fundamental error in Pierce v. State, 671 So.2d 186 (Fla. 4th DCA), rev. granted, 677 So.2d 841 (Fla.1996), Wilson v. State, 668 So.2d 998 (Fla. 4th DCA 1995), rev. granted, 672 So.2d 543 (Fla.1996), and Jones v. State, 656 So.2d 489 (Fla. 4th DCA), rev. denied, 663 So.2d 632 (Fla.1995), cert. denied, — U.S. — , 116 S.Ct. 1451, 134 L.Ed.2d 570 (1996). At bar, as in the above cited cases, instructing the jury that the state does not have to convince the jury to an absolute certainty of the defendant’s guilt violated the defendant’s due process rights as it is a minimization of the reasonable doubt standard that deprived the defendant of his defense. In so holding, we note conflict with the third district’s opinion in Doctor v. State, 677 So.2d 1372 (Fla. 3d DCA 1996). We also certify as issues of great public importance the same two questions certified in Wilson, which are as follows:
DOES THE JURY INSTRUCTION GIVEN IN THIS CASE [1] IMPERMISSIBLY REDUCE THE REASONABLE DOUBT STANDARD BELOW THE PROTECTIONS OF THE DUE PROCESS CLAUSE?
IF SO, IS SUCH AN INSTRUCTION FUNDAMENTAL ERROR?
In a separate point on appeal, Rodriguez argues that it was error to allow the *163 prosecutor to ask him on cross-examination why his stepson, who was present at the scene of the crime, was not at trial. As our reversal on the giving of the improper jury instruction will require a new trial, we need not consider whether allowing this question posed by the prosecutor constitutes reversible error. We do think, however, that the question was improper and caution the trial court not to allow the state to pose such a question to Rodriguez if he testifies on retrial. See Bates v. State, 649 So.2d 908 (Fla. 4th DCA 1995) (comments by prosecutor in closing argument which refer to defendant’s failure to call a witness generally are reversible error in light of possibility that the comments could lead the jury to believe that the defendant had the burden of proving his innocence).
We are unpersuaded by Rodriguez’s remaining two points on appeal.
REVERSED AND REMANDED FOR NEW TRIAL.
STONE and FARMER, JJ., concur.

. The offending portion of the jury instruction at bar is identical to the instruction given in Wilson.