686 So.2d 569 (1996)
STATE of Florida, Petitioner,
v.
Milo WILSON, Respondent.
No. 87575.
Supreme Court of Florida.
December 26, 1996.
Robert A. Butterworth, Attorney General; Carolyn M. Snurkowski, Assistant Deputy Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for Petitioner.
Richard L. Jorandby, Public Defender and Louis G. Carres, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for Respondent.
SHAW, Justice.
We have for review Wilson v. State, 668 So.2d 998 (Fla. 4th DCA 1995), wherein the court certified:
1) Does the jury instruction given in this case impermissibly reduce the reasonable doubt standard below the protections of the due process clause?
2) If so, is such an instruction fundamental error?
See id. at 999-1000. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer both questions in the negative and quash Wilson.
Milo Wilson and an accomplice accosted and robbed Mr. Ramsaroop and his companion, Ms. Wells, in a Wal-Mart parking lot, September 23, 1993. Wilson was arrested a few minutes later, charged with armed robbery, and convicted of grand theft. The district court reversed for two reasons: 1) The "reasonable doubt" comments made by the judge to the venire constituted fundamental error, and 2) the State could not seek a conviction on grand theft as a permissive lesser included offense of armed robbery because the information did not allege the value of the property taken. The court remanded for a new trial on petit theft and certified the above questions.
The State contends that the "reasonable doubt" comments were not improper, or alternatively, that if they were improper the error was not fundamental and required a contemporaneous objection.
Prior to selecting the jury, the judge spoke to the entire venire about "cardinal rules," which he said apply "in every criminal trial all over the United States of America."
Now, the third cardinal rule is that in order for you the jury to find the defendant guilty you must be satisfied, the State must convince you beyond and to the exclusion *570 of every reasonable doubt that the defendant is guilty. That's what's known as standard of proof. That's a landmark concept, a bedrock foundation of the American criminal jurisprudence system. That is any time any jury anywhere in the United States of America finds a defendant guilty of committing a crime, whether that be stealing a six-pack of beer, robbery, murder, rape, drug trafficking, arson, burglary; no matter what the charge is if the jury finds the defendant guilty that means that jury has been convinced beyond and to the exclusion of every reasonable doubt of the defendant's guilt.
Now, I'll give you a more elaborate definition of what that phrase beyond and to the exclusion of every reasonable doubt means when I give you the legal instructions at the conclusion of the trial. Suffice it to say it's a very heavy burden the state shoulders whenever it charges somebody with committing a crime. In order to secure a conviction that is it has to convince a jury beyond and to the exclusion of every reasonable doubt of the defendant's guilt. But even though it's a heavy burden the State does, I repeat, stress, and emphasize, the State does not have to convince you to an absolute certainty of the defendant's guilt. Nothing is one hundred percent certain, nothing is absolutely certain in life other than death and taxes. So the point I'm trying to make is you can still have a doubt as to the defendant's guilt and still find him guilty so long as it's not a reasonable doubt. A reasonable doubt simply stated is a doubt you can attach a reason to.
If at the conclusion of this trial you have a doubt as to the defendant's guilt that you can attach a reason to you must find the defendant not guilty. But if on the other hand at the conclusion of this trial the only kind of doubt you have as to the defendant is a possible doubt, a speculative doubt, an imaginary doubt, a forced doubt, that's not a reasonable doubt. If all elements of the crime have been proved to you, you must find the defendant guilty.
The trial judge's preliminary instruction on reasonable doubt was not incorrect, as such. However, it was at least ambiguous to the extent that it might have been construed as either minimizing the importance of reasonable doubt or shifting the burden to the defendant to prove that a reasonable doubt existed. Notwithstanding, in view of the fact that the trial judge gave the standard jury instruction on reasonable doubt at the close of the evidence and told the jury that it must follow the standard instructions, we cannot say that error was committed. While we can understand why trial judges might wish to acquaint the jury with the concept of reasonable doubt at an early stage in the proceeding, we strongly suggest that this be done only by reading in advance the approved standard jury instruction on the subject. Any extemporaneous explanation of sensitive legal issues that are already embraced within the standard jury instructions runs the risk of creating error.
In any event, even if it could be said that the judge committed error in making the preliminary comments on reasonable doubt, the error would not be fundamental. Any perceived ambiguity could have been clarified by the simple expedient of calling it to the judge's attention through a proper objection. We addressed a comparable situation in Archer v. State, 673 So.2d 17 (Fla.), cert. denied, ___ U.S. ___, 117 S.Ct. 197, 136 L.Ed.2d 134 (1996):
Next we examine Archer's claim that the trial judge erred in failing to provide a definition of reasonable doubt to the resentencing jury.... Archer did not object to this instruction [which did not define reasonable doubt] at trial and raises the issue for the first time on appeal.
This Court has held that jury instructions are subject to the contemporaneous objection rule, and absent an objection at trial, can be raised on appeal only if fundamental error occurred. Fundamental error is "error which reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." While the State must prove each element of a crime beyond a reasonable doubt, our cases have not found error when a jury is instructed on this standard *571 but not given a definition of the term. Because we find that [the given] instruction appropriately holds the State to the burden of proving each aggravating circumstance beyond a reasonable doubt, we hold that failure to define reasonable doubt to the jury in the sentencing phase of a capital trial is not fundamental error. Consequently, we reject Archer's claim.
Id. at 20 (citations omitted) (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)).
We answer both certified questions in the negative and quash Wilson.[1] We remand for proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] We decline to address the State's second claim since it is unrelated to the certified questions.