MAY, J.
The lawfulness of an officer’s actions in responding to a call is questioned in this appeal. The defendant appeals his conviction and sentence for resisting without violence. He argues the court erred in: (1) denying the defense motion for judgment of acquittal; (2) denying the defense motion for continuance; (3) instructing the jury; and (4) denying the defense motion for mistrial. We find no error and affirm.
The evidence revealed that the arresting officer arrived at the defendant’s home after receiving a call for service. He made contact with the defendant’s wife, who exited the house to speak with the officer. The officer spoke with the wife on the porch for approximately fifteen to twenty minutes. The backup officer was present for most of the interview. The wife appeared scared. During that time, the officers heard a click at the door. When the interview concluded, the wife attempted to reenter the house, but the door was locked.
The arresting officer testified that he and the backup officer approached the door and knocked, trying to speak with the defendant. The door was unlocked and opened. At that point the wife went inside the house and the arresting officer attempted to follow her to complete the investigation. As the officer entered the threshold of the door, the defendant slammed the door on him.
Because of safety concerns for the wife, the arresting officer grabbed the door handle to prevent the door from being locked. As he did so, he took a step or two into the house when the defendant “immediately aggressively” pushed the officer in the chest, causing the officer to stagger back. The officer attempted to grab the defendant, who was very sweaty and smelled of alcohol. When he did so, he advised the defendant he was under arrest. The defendant then pushed the officer several (six to seven) times, each time lowering his center of gravity and putting his weight behind the push. During the shoving, the defendant was yelling and screaming at the officer.
On cross-examination, the arresting officer testified that he had probable cause for a resisting without violence charge at the time the defendant slammed the door on him. On re-direct the officer clarified that the wife had reported verbal abuse in the form of threats, a type of mental intimidation characterized in the domestic violence statutes.
The defendant first argues that the court erred in denying his motion for judgment of acquittal because the state failed to prove the officer was in the lawful execution of a legal duty when he entered the defendant’s house. He suggests that absent consent, a warrant, or exigent circumstances, the officer’s entry into the house was not the lawful execution of a legal duty.
We review trial court rulings on motions for judgment of acquittal de novo. Pagan v. State, 830 So.2d 792, 803 (Fla.2002), cert. denied, 539 U.S. 919, 123 S.Ct. 2278, 156 L.Ed.2d 137 (2003). “If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.” Id.
The record reveals the officer was in the process of investigating a call to insure the *441 wife’s safety. The complainant appeared scared. She advised law enforcement of verbal threats made by the defendant, who had locked her out of the house and continued to yell at her throughout the investigation. Immediately after the wife entered the home, the defendant attempted to physically prevent the officers from entering, thereby potentially imprisoning the wife. Had law enforcement left without completing its investigation, and a tragedy occurred inside the house, surely law enforcement would have been faulted for not taking sufficient precaution to protect the wife’s safety.
“[P]olice may enter a residence without a warrant if an objectively reasonable basis exists for the officer to believe that there is an immediate need for police assistance for the protection of life or substantial property interests.” Seibert v. State, 92S So.2d 460, 468 (Fla.2006). It is the “reasonableness of the officer’s belief at the time of entry” that is to be considered on review. Id. Given these facts, the officer reasonably believed that entry was necessary for the protection of the wife.
The State had to prove three elements: (1) the defendant knowingly and willfully resisted, obstructed, opposed the officer by doing violence or offering to do him violence; (2) the officer was engaged in the lawful execution of a legal duty; and (3) the victim was an officer. Fla. Std. Jury Instr. (Crim.) 21.1. When the evidence is looked at in the light most favorable to the State, sufficient evidence existed to warrant the jury’s consideration of the facts.
The defendant’s second issue concerns the court’s instructions to the jury. The defendant acknowledges the court correctly instructed the jury on the charged offense, resisting with violence. The defendant argues, however, the court erred in instructing the jury on the lesser-included charge of resisting without violence when it failed to include “lawful” before the words: “execution of a legal duty.” This omission appeared in the elements of the lesser-included offense and in the court’s instruction that “an investigation or affecting an arrest constitutes [lawful] execution of a legal duty.” We agree the instruction was imperfect, but find the error does not rise to the level of fundamental.
First, while the defendant did not request the lesser-included instruction, it agreed to it in the precise form it was given. Second, the defendant did not later object to the instruction when given. Third, the instruction on the charged offense correctly included the word “lawful.” Fourth, in closing, defense counsel argued that the focus was on one thing, “the execution of a legal duty.” Defense counsel did not mention or argue that the execution of the legal duty was unlawful.
As our supreme court noted, “[a]ny perceived ambiguity could have been clarified by the simple expedient of calling it to the judge’s attention through a proper objection.” State v. Wilson, 686 So.2d 569, 570 (Fla.1996). Absent a contemporaneous objection, to reverse on this issue we must find that the omission of a single word from a sentence created the kind of error “which reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Id. (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)). Given the overall instructions and the arguments made, we cannot say the one-word omission constituted fundamental error.
We find no merit in the other issue raised. For the foregoing reasons, we affirm the defendant’s conviction.

Affirmed.

GUNTHER, J., concurs.
HAZOURI, J., dissents with opinion.