SALTER, J.
The defendants, Michael F. Cavagnaro, Sr., and Michael F. Cavagnaro, Jr., appeal their convictions and sentences for molesting and possessing a lobster trap belonging to another and for having an improperly marked vessel. We reverse the convictions because the failure to give the jury any reasonable doubt instruction at all, though unpreserved, is fundamental error.[1]
At the defendants’ trial, the jury charge did not include Florida Standard Jury Instruction (Criminal) 3.7, or any similar instruction. Standard Instruction 3.7 addresses such basic elements as the presumption of innocence, the state’s burden, and the right of the defendant not “to present evidence or prove anything:”
3.7 PLEA OF NOT GUILTY; REASONABLE DOUBT; AND BURDEN OF PROOF
The defendant has entered a plea of not guilty. This means you must presume or believe the defendant is innocent. The presumption stays with the defendant as to each material allegation in the [information] [indictment] through each stage of the trial unless it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt.
To overcome the defendant’s presumption of innocence, the State has the burden of proving the crime with which the defendant is charged was committed and the defendant is the person who committed the crime.
The defendant is not required to present evidence or prove anything.
Whenever the words “reasonable doubt” are used you must consider the following:
It is recommended that you use this instruction to define reasonable doubt during voir dire. State v. Wilson, 686 So.2d 569 (Fla.1996).
A reasonable doubt is not a mere possible doubt, a speculative, imaginary or forced doubt. Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction of guilt. On the other hand, if, after carefully considering, comparing and weighing all the evidence, there is not an abiding conviction of guilt, or, if, having a conviction, it is one which is not stable but one which wavers and vacillates, then the charge is not proved beyond every *1113 reasonable doubt and you must find the defendant not guilty because the doubt is reasonable.
It is to the evidence introduced in this trial, and to it alone, that you are to look for that proof.
A reasonable doubt as to the guilt of the defendant may arise from the evidence, conflict in the evidence, or the lack of evidence.
If you have a reasonable doubt, you should find the defendant not guilty. If you have no reasonable doubt, you should find the defendant guilty.
Because this error reaches “down into the validity of the trial itself,” we conclude that it was fundamental error requiring reversal. Martinez v. State, 981 So.2d 449, 455 (Fla.2008). See Jackson v. Virginia, 443 U.S. 307, 320 n. 14, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (failure to instruct a jury as to the reasonable doubt standard cannot be harmless); Arizona v. Fulminante, 499 U.S. 279, 291, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1990) (“it is impossible to assess the effect on the jury of the omission of the more fundamental instruction on reasonable doubt. In addition, the omission of the reasonable doubt instruction, though a ‘trial error,’ distorts the very structure of the trial because it creates the risk that the jury will convict the defendant even if the State has not met its required burden of proof.”).
In this ease, the reasonable doubt and burden of proof instruction would have addressed a basic federal and state constitutional protection afforded the defendants. This is not a case in which a truncated instruction was given (omitting, for example, only a complete and separate definition of “reasonable doubt”), as in Archer v. State, 673 So.2d 17 (Fla.1996). Nor is it a case in which an ambiguous (but recognizable) reasonable doubt instruction was given, as in State v. Wilson, 686 So.2d 569 (Fla.1996). Through inadvertence, no reasonable doubt instruction was provided orally or in written form to the jury.
The state argues first that the error was not a fundamental error because a verdict of guilty could have been obtained without the assistance of the alleged error, citing Martinez and State v. Delva, 575 So.2d 643, 644-45 (Fla.1991). We disagree. The evidence in this record was circumstantial, and the limited eyewitness testimony was not conclusive. One of those witnesses admitted that he had a preexisting dislike for one of the defendants and a preexisting friendship with the state wildlife official to whom he reported the alleged crimes. The global positioning system (GPS) tracking evidence pertaining to the defendants’ boat demonstrated, according to the defendants’ expert, only that the boat’s track came no closer than 196 feet from the lobster traps at issue in the case. The state’s GPS witness did not rebut that analysis. Under the “totality of the record,” we conclude that fundamental error in the jury instructions has been shown. Garzon v. State, 980 So.2d 1038, 1043 (Fla.2008).
Second, the state argues that a sufficient reasonable doubt instruction was given to the prospective jurors before jury selection:
It is your responsibility to determine if the state has proved its accusations beyond a reasonable doubt against the defendants .... At no time is it the duty of a defendant to prove his or her innocence.
This argument is also unavailing. Prospective jurors are not the sworn jurors who have actually heard the evidence and are then given all of the instructions, including the elements of the offenses. The court’s written and oral charge to the jury began by asking the jurors to “please lis *1114 ten to the instructions I am about to give you,”[2] not the instructions given before jury selection. The charge also included an instruction that you must follow “these rules” in order to return a lawful verdict. The court provided a separate written copy of the written instructions to each of the six jurors for reference in the jury room during deliberations.
Third, the state argues that counsel for the state and the defense instructed the jury regarding proof beyond a reasonable doubt. This argument fails because, in the usual and proper fashion, the trial judge instructed the jury not to follow the attorneys’ instructions on matters of law:
Ladies and gentlemen, the attorneys will now present their final arguments. Please remember what the attorneys say is not evidence, nor is it an instruction on the law.
Where an erroneous malice instruction reduced the state’s burden of proof on an essential element of a charged offense, fundamental error occurred. Reed v. State, 837 So.2d 366, 369 (Fla.2002). Similarly, through what was no doubt simple inadvertence in this case, no instruction on the state’s burden of proof was provided to the jury for guidance. On the record before us, this was fundamental error.
The convictions are reversed and the cases are remanded for a new trial. This disposition makes it unnecessary to reach the remaining issues on appeal.
Reversed and remanded.

. This is not a case in which a trial judge inadvertently skips an instruction while reading the assembled instructions; trial counsel for the state and the defendants simply did not include such an instruction in the compilation for the jury charge. Then, as the instructions were read to the jury and written copies were provided to each juror for consultation during the deliberations, neither side alerted the trial judge to the omission of the instruction.

. Florida Standard Jury Instruction (Criminal) 3.1 (emphasis supplied).