COHEN, J.
Farley Curry appeals his convictions for kidnapping with intent to inflict bodily harm or terrorize with a firearm, burglary of a conveyance with a battery with a firearm, robbery with a firearm, and grand theft of a firearm. He argues that the trial court’s failure to instruct the jury as to reasonable doubt constituted fundamental error. We agree and reverse.
Curry’s trial was not simple: numerous charges were involved, along with accompanying lesser-included offenses; Curry raised a multitude of defenses, some of which were inconsistent; and special findings were required. Issues of competency also arose, both in terms of Curry’s capacity to proceed and the professional competency of Curry’s chosen counsel, who failed to have her client examined by an expert to support Curry’s insanity defense. Somehow, despite the presence of an experienced and well-considered trial judge, standard jury instruction 3.7 — including its instruction on reasonable doubt — was omitted from the jury instructions.[1] This omission was missed by the assistant state attorney, Curry’s counsel, and the trial judge.
Conceding that the omission was error,the State argues that the error was not fundamental and urges us to affirm. We can think of little more fundamental in a criminal trial than instructing the jury on the State’s burden of proof beyond a reasonable doubt. See Arizona v. Fulminante, 499 U.S. 279, 291, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (“[I]t is impossible to assess the effect on the jury of the omission of the more fundamental instruction on reasonable doubt.... [Ojmission of a reasonable-doubt instruction, though ‘trial error,’ distorts the very structure of the trial.... ”); Jackson v. Virginia, 443 U.S. 307, 320 n. 14, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (citing Cool v. United States, 409 U.S. 100, 93 S.Ct. 354, 34 L.Ed.2d 335 *1260 (1972)) (noting that failure to instruct jury on reasonable doubt standard cannot be harmless).
The State’s argument is premised upon the fact that at the beginning of voir dire, the trial judge explained the defendant’s presumption of innocence, explained that the State would bear the burden of proving its allegations, and read the definition of reasonable doubt to the prospective jurors. Both the State and the defense followed up with additional questions on the reasonable doubt standard. This same argument was appropriately rejected in Cavagnaro v. State, 117 So.3d 1111, 1113-14 (Fla. 3d DCA 2012).
The trial judge in this case was far more thorough in defining reasonable doubt than, the trial judge in Cavagnaro. Still, we agree that discussing the concept generically with a panel of prospective jurors is far different from instructing the actual jury following the presentation of the evidence and argument of counsel.[2]
REVERSED and REMANDED for a new trial.
ORFINGER and LAMBERT, JJ., concur.

. 3.7 PLEA OF NOT GUILTY; REASONABLE DOUBT; AND BURDEN OF PROOF
The defendant has entered a plea of not guilty. This means you must presume or believe the defendant is innocent. The presumption stays with the defendant as to each material allegation in the [information] [indictment] through each stage of the trial unless it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt.
To overcome the defendant’s presumption of innocence, the State has the burden of proving the crime with which the defendant is charged was committed and the defendant is the person who committed the crime.
The defendant is not required to present evidence or prove anything.
Whenever the words "reasonable doubt” are used you must consider the following:

It is recommended that you use this instruction to define reasonable doubt during voir dire. State v. Wilson, 686 So.2d 569 (Fla.1996).

A reasonable doubt is not a mere possible doubt, a speculative, imaginary or forced doubt. Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction of guilt. On the other hand, if, after carefully considering, comparing and weighing all the evidence, there is not an abiding conviction of guilt, or, if, having a conviction, it is one which is not stable but one which waivers and vacillates, then the charge is not proved beyond every reasonable doubt and you must find the defendant not guilty because the doubt is reasonable.
It is to the evidence introduced in this trial, and to it alone, that you are to look for that proof.
A reasonable doubt as to the guilt of the defendant may arise from the evidence, conflict in the evidence, or the lack of evidence.
If you have a reasonable doubt, you should find the defendant not guilty. If you have' no reasonable doubt, you should find the defendant guilty.

. Although our analysis is not impacted by the length of the trial, we note that this case lasted a number of days. During voir dire, the prosecutor asked one prospective juror to repeat the definition of reasonable doubt, which the judge had very recently provided. The prospective juror was unable to do so; we cannot imagine a juror who has sat through four days of trial would be more successful.