NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DAVID BRIAN USRY, )
)
        Appellant, )
)
v. )     Case No. 2D18-4435
)
STATE OF FLORIDA, )
)
        Appellee. )
_____ )

Opinion filed November 13, 2019.

Appeal from the Circuit Court for Pasco
County; Susan G. Barthle, Judge.

Howard L. Dimmig, II, Public Defender, and
Andrea Flynn Mogensen, Special Assistant
Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Kelly O'Neill, Assistant
Attorney General, Tampa; and Lindsay D.
Turner, Assistant Attorney General, Tampa
(substituted as counsel of record), for
Appellee.


BADALAMENTI, Judge

        David Brian Usry challenges his conviction and sentence for second-

degree murder.  The omission of Florida Standard Jury Instruction (Criminal) 3.7, or a

related instruction, which charges the jury, among other things, as to the reasonable-

doubt standard constitutes fundamental error. We accept the State's concession of fundamental error and reverse and remand for a new trial.

Following the presentation of evidence and argument of counsel, the court instructed the jury that the State had to prove the elements of second-degree murder beyond a reasonable doubt. However, the jury charge did not include Standard Jury Instruction 3.7. That instruction sets forth, among other things, the reasonable-doubt standard. It provides:

> 3.7 PLEA OF NOT GUILTY; REASONABLE DOUBT; AND BURDEN OF PROOF
>
> The defendant has entered a plea of not guilty. This means you must presume or believe the defendant is innocent. The presumption stays with the defendant as to each material allegation in the [information] [indictment] through each stage of the trial unless it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt. To overcome the defendant's presumption of innocence, the State has the burden of proving the crime with which the defendant is charged was committed and the defendant is the person who committed the crime.
>
> The defendant is not required to present evidence or prove anything.
>
> Whenever the words "reasonable doubt" are used you must consider the following:
>
> . . . .
>
> A reasonable doubt is not a mere possible doubt, a speculative, imaginary or forced doubt. Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction of guilt. On the other hand, if, after carefully considering, comparing and weighing all the evidence, there is not an abiding conviction of guilt, or, if, having a conviction, it is one which is not stable but one which wavers and vacillates, then the charge is not proved beyond every reasonable doubt and you must find the defendant not guilty because the doubt is reasonable. It is to

the evidence introduced in this trial, and to it alone, that you are to look for that proof.

A reasonable doubt as to the guilt of the defendant may arise from the evidence, conflict in the evidence, or the lack of evidence.

If you have a reasonable doubt, you should find the defendant not guilty. If you have no reasonable doubt, you should find the defendant guilty.

Fla. Std. Jury Instr. (Crim.) 3.7. Neither defense counsel nor counsel for the State included the instruction or an alternative charge properly addressing the reasonable-doubt standard in the compilation for the jury charge. And as the trial court read the instructions to the jury, neither counsel alerted the court as to the omission of a reasonable-doubt instruction. Simply stated, the jury was never instructed as to reasonable doubt.

Mr. Usry argues, and the State properly concedes, that the failure to instruct the jury as to the critical concept of reasonable doubt constitutes fundamental error. We accept the State's concession and accordingly reverse and remand for a new trial. See Curry v. State, 169 So. 3d 1258, 1259-60 (Fla. 5th DCA 2015) (reversing and remanding for new trial because the trial court's failure to instruct the jury as to reasonable doubt constituted fundamental error); Cavagnaro v. State, 117 So. 3d 1111, 1112 (Fla. 3d DCA 2012) ("We reverse the convictions because the failure to give the jury any reasonable doubt instruction at all, though unpreserved, is fundamental error."); see also Arizona v. Fulminante, 499 U.S. 279, 291 (1991) ("[I]t is impossible to assess the effect on the jury of the omission of the more fundamental instruction on reasonable doubt. . . . [O]mission of a reasonable-doubt instruction, though a 'trial error,' distorts the

very structure of the trial . . . ."). Given this disposition, we do not address Mr. Usry's remaining issues on appeal.

Reversed and remanded with instructions.

CASANUEVA and LUCAS, JJ., Concur.