# Third District Court of Appeal

## State of Florida

Opinion filed February 24, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-557
Lower Tribunal No. 11-22605A
_____

**Joseph Phelps,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

GrayRobinson, P.A., and Andrew T. Sarangoulis and Joel Hirschhorn, for petitioner.

Ashley Moody, Attorney General, and Asad Ali, Assistant Attorney General, for respondent.

Before EMAS, C.J., and GORDO and LOBREE, JJ.

EMAS, C.J.

Joseph Phelps was charged with and convicted of first-degree felony murder and attempted robbery with a firearm. The crimes were alleged to have been committed in 1996. At his December 2014 trial, the trial court failed to deliver the instruction provided in Florida Standard Jury Instruction (Criminal) 3.7, which provides:

**3.7 PLEA OF NOT GUILTY; REASONABLE DOUBT; AND BURDEN OF PROOF**

The defendant has entered a plea of not guilty. This means you must presume or believe the defendant is innocent. The presumption stays with the defendant as to each material allegation in the [information] [indictment] through each stage of the trial unless it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt.

To overcome the defendant's presumption of innocence, the State has the burden of proving the crime with which the defendant is charged was committed and the defendant is the person who committed the crime.

The defendant is not required to present evidence or prove anything.

Whenever the words "reasonable doubt" are used you must consider the following:

*It is recommended that you use this instruction to define reasonable doubt during voir dire.* State v. Wilson, 686 So.2d 569 (Fla. 1996).[1]

A reasonable doubt is not a mere possible doubt, a speculative, imaginary or forced doubt. Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction

---

[1] The trial court did not give this instruction to the jury venire during voir dire.

of guilt. On the other hand, if, after carefully considering, comparing and weighing all the evidence, there is not an abiding conviction of guilt, or, if, having a conviction, it is one which is not stable but one which wavers and vacillates, then the charge is not proved beyond every reasonable doubt and you must find the defendant not guilty because the doubt is reasonable.

It is to the evidence introduced in this trial, and to it alone, that you are to look for that proof.

A reasonable doubt as to the guilt of the defendant may arise from the evidence, conflict in the evidence, or the lack of evidence.

If you have a reasonable doubt, you should find the defendant not guilty. If you have no reasonable doubt, you should find the defendant guilty.

The State, defense and trial court all failed to realize that this standard jury instruction was neither delivered orally to the jury nor included in the final set of written instructions provided to the jury for use in deliberations.

Further, in his direct appeal from the judgment and sentence, Phelps' appellate counsel did not raise this issue, and Phelps' convictions and sentence were affirmed in 2017.[2] Phelps filed the instant petition for writ of habeas corpus, alleging that appellate counsel's failure to raise this error constituted deficient performance of appellate counsel, and that Phelps was prejudiced by this failure. We agree, grant the petition, vacate the judgment and sentence, and remand this cause to the trial court for a new trial.

---

[2] Phelps v. State, 232 So. 3d 1131 (Fla. 3d DCA 2017).

A petition for writ of habeas corpus is recognized as "the proper vehicle to advance claims of ineffective assistance of appellate counsel," Rutherford v. Moore, 774 So. 2d 637, 643 (Fla. 2000), and the requirements for establishing such a claim closely parallel the two-pronged test established in Strickland v. Washington, 466 U.S. 668 (1984) for establishing a claim of ineffective assistance of trial counsel: "Petitioner must show 1) specific errors or omissions which show that appellate counsel's performance deviated from the norm or fell outside the range of professionally acceptable performance and 2) the deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result." Wilson v. Wainwright, 474 So. 2d 1162, 1164 (Fla. 1985).[3]

Appellate counsel's failure to raise an error on appeal will not constitute ineffective assistance if that error was not properly preserved below, unless

_____

[3] We recognize, of course, that "appellate counsel is not necessarily ineffective for failing to raise a claim that might have had *some* possibility of success; effective appellate counsel need not raise *every conceivable* nonfrivolous issue," State v. Murrary, 262 So. 3d 26, 43 (Fla. 2018) (citations omitted). Additionally, we note that "the defendant has the burden of alleging a specific, serious omission or overt act upon which the claim of ineffective assistance of counsel can be based." Schoenwetter v. State, 46 So. 3d 535, 563 (Fla. 2010) (citation omitted).

4

such error is fundamental. Valle v. Moore, 837 So. 2d 905, 907 (Fla. 2002); Rutherford, 774 So. 2d at 643.

In the instant case, the failure to give the standard jury instruction was fundamental error. More significantly for our purposes, this court had already decided that question well before Phelps' trial and direct appeal. In a case virtually indistinguishable in all relevant respects from the instant case, Cavagnaro v. State, 117 So. 3d 1111, 1112 (Fla. 3d DCA 2012), this court held "the failure to give the jury any reasonable doubt instruction at all, though unpreserved, is fundamental error." Our decision in Cavagnaro was released in January 2012, three years before the notice of appeal was filed in Phelps' direct appeal, and four years before the initial brief was filed. See also Smith v. State, 260 So. 3d 578 (Fla. 3d DCA 2019) (following Cavagnaro); Usry v. State, 284 So. 3d 1128 (Fla. 2d DCA 2019) (same); Curry v. State, 169 So. 3d 1258 (Fla. 5th DCA 2015) (same); Burnette v. State, 103 So. 3d 1059 (Fla. 1st DCA 2013) (same).

Given the existence of our 2012 decision in Cavagnaro, holding such error to be fundamental, appellate counsel's failure to identify this fundamental error by the trial court, and the failure to raise it in the direct appeal, fell outside the range of professionally acceptable performance. See Skinner v. State, 137 So. 3d 1164 (Fla. 3d DCA 2014) (holding appellate

5

counsel's failure to raise as fundamental error the trial court's erroneous (but unobjected-to) jury instruction on attempted manslaughter constituted deficient performance and required a new trial); Jenkins v. State, 75 So. 3d 1288 (Fla. 1st DCA 2011) (holding appellate counsel's failure to identify and raise on appeal two facially meritorious claims of fundamental error in the jury instructions constituted deficient performance); Granberry v. State, 919 So. 2d 699 (Fla. 5th DCA 2006) (holding appellate counsel's failure to raise as fundamental error the trial court's erroneous (but unobjected-to) jury instruction constituted deficient performance in light of the existing case law at the time of the direct appeal, holding such error fundamental); York v. State, 891 So. 2d 569 (Fla. 2d DCA 2004). Phelps has therefore established the deficient performance prong for ineffective assistance of appellate counsel.

We further conclude that Phelps has met his burden of establishing the prejudice prong. While it is true, as the State points out, that Cavagnaro was a direct appeal, while this case involves a collateral attack alleging ineffective assistance of appellate counsel, the different procedural posture does not lead to a different result. Had appellate counsel raised this claim of fundamental error in the direct appeal, this Court, relying on Cavagnaro, would have reversed the judgment and sentence and remanded for a new

6

trial. See Cavagnaro, 117 So. 3d at 1114 (holding the failure to give standard jury instruction 3.7, or any similar instruction, was fundamental error, and required reversal of the conviction and remand for a new trial); Smith, 206 So. 3d at 578 (relying on Cavagnaro, finding fundamental error where the jury charge did not include Florida Standard Jury Instruction (Criminal) 3.7 or any similar instruction, and reversing and remanding for a new trial); Usry, 284 So. 3d at 1120 (reversing and remanding for a new trial, holding that the failure to instruct the jury as to the critical concept of reasonable doubt constitutes fundamental error); Curry, 169 So. 3d 1259 (reversing and remanding for a new trial because the trial court's failure to instruct the jury as to reasonable doubt constituted fundamental error); Burnette, 103 So. 3d at 1059 (same). See also Molina v. State, 150 So. 3d 1280, 1282 (Fla. 3d DCA 2014) (recognizing that, for purposes of analyzing ineffective assistance of appellate counsel claims, "[p]rejudice is shown where 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (quoting Strickland, 466 U.S. at 694)). Appellate counsel's deficient performance in this case "compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result." Wilson, 474 So. 2d at 1164.

7

We grant the petition, vacate the judgment and sentences, and remand for a new trial.