DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDUARDO RAMIREZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-0508

[August 7, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence M. Mirman, Judge; L.T. Case No. 56-2018-CF-003199A.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Senior Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Eduardo Ramirez ("Ramirez") appeals his convictions and sentences for two counts of attempted first-degree murder of a law enforcement officer; one count of attempted second-degree murder of a law enforcement officer; one count of attempted second-degree murder; and one count of fleeing or eluding. We find merit in Ramirez's argument that it was fundamental error not to instruct the jury on the definition of reasonable doubt and the presumption of innocence, embodied in Standard Jury Instruction 3.7,[1] in

---

[1] Standard Jury Instruction 3.7 provides:

> 3.7 PLEA OF NOT GUILTY; REASONABLE DOUBT; AND BURDEN OF PROOF
>
> The defendant has entered a plea of not guilty. This means you must presume or believe the defendant is innocent. The presumption stays with the defendant as to each material allegation in the [information] [indictment] through each stage of the trial

the final charge to the jury. Accordingly, we reverse and remand for a new trial.[2]

The charges arose out of a high-speed chase following an attempted traffic stop. Ramirez drove the vehicle being pursued by multiple police officers while his brother, a co-defendant, fired multiple gunshots at the officers. The State charged Ramirez as a principal to the acts of his brother, thus, aiding and abetting his brother's attempts to kill the police

---

unless it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt.

To overcome the defendant's presumption of innocence, the State has the burden of proving the crime with which the defendant is charged was committed and the defendant is the person who committed the crime.

The defendant is not required to present evidence or prove anything.

Whenever the words "reasonable doubt" are used you must consider the following: . . . .

A reasonable doubt is not a mere possible doubt, a speculative, imaginary or forced doubt. Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction of guilt. On the other hand, if, after carefully considering, comparing and weighing all the evidence, there is not an abiding conviction of guilt, or, if, having a conviction, it is one which is not stable but one which wavers and vacillates, then the charge is not proved beyond every reasonable doubt and you must find the defendant not guilty because the doubt is reasonable.

It is to the evidence introduced in this trial, and to it alone, that you are to look for that proof.

A reasonable doubt as to the guilt of the defendant may arise from the evidence, conflict in the evidence, or the lack of evidence.

If you have a reasonable doubt, you should find the defendant not guilty. If you have no reasonable doubt, you should find the defendant guilty.

[2] Although moot in light of our holding on the jury instruction issue, we further hold the trial court erred in sentencing Ramirez as a PRR on the fleeing or eluding count. *See Banner v. State*, 4 So. 3d 789, 789 (Fla. 4th DCA 2009) (holding that fleeing or eluding does not qualify for PRR sentencing). Notably, the State concedes error on this issue.

officers. Although Ramirez admitted to being the driver, he testified that he never fired a gun at law enforcement and drove the vehicle under duress because his brother threatened to kill him if he did not do so. For reasons unclear from the record, Standard Jury Instruction 3.7, including its instruction on reasonable doubt, was omitted from the final jury instructions. This omission was missed by the prosecutor, defense counsel, and the trial judge.

On Ramirez's appeal, the State acknowledges the omission of Standard Jury Instruction 3.7 from the final jury instructions but argues the omission does not amount to fundamental error. The State's argument is premised upon the fact that the jury was instructed by the trial judge on multiple occasions during the trial on the State's exclusive burden of proof and reasonable doubt. Specifically, during voir dire, the trial court explained three principles of law that applied in criminal cases: (1) a defendant is presumed innocent, (2) the burden of proof was solely on the State, and (3) the level of proof required was beyond a reasonable doubt. The trial judge also read the definition of "reasonable doubt" contained in Standard Jury Instruction 3.7. After the jury was sworn, the trial judge instructed the jury that "[i]t is your solemn responsibility to determine if the State has proved its accusations beyond a reasonable doubt against the Defendant during the trial." The trial judge further instructed that the "verdict must be based solely on the evidence in this case or the lack of evidence and on the law that I will give you" and reiterated that the State had the burden of proof. In the final charge to the jury, the trial court instructed the jury on each charge and stated that the State had to prove the elements of each charge beyond a reasonable doubt. The State argues the instructions, albeit given in fragments during the course of the trial, satisfied the due process protections embodied in Standard Jury Instruction 3.7. We disagree.

Several of our sister courts have been presented with the same issue before us. *See Usry v. State*, 284 So. 3d 1128, 1129 (Fla. 2d DCA 2019) (finding fundamental error where the trial court failed to include the reasonable doubt instruction, or a similar instruction, in the final jury charge); *Smith v. State*, 260 So. 3d 578, 578 (Fla. 3d DCA 2019) (holding that "the trial court's failure to instruct the jury as to Florida Standard Jury Instruction (Criminal) 3.7 . . . , or any similar instruction, constituted fundamental error"); *Curry v. State*, 169 So. 3d 1258, 1259–60 (Fla. 5th DCA 2015) ("We can think of little more fundamental in a criminal trial than instructing the jury on the State's burden of proof beyond a reasonable doubt." (citing *Arizona v. Fulminante*, 499 U.S. 279, 291 (1991) ("[I]t is impossible to assess the effect on the jury of the omission of the more fundamental instruction on reasonable doubt. . . . [O]mission of a

3

reasonable-doubt instruction, though a 'trial error,' distorts the very structure of the trial because it creates the risk that the jury will convict the defendant even if the State has not met its required burden of proof."")); *Burnette v. State*, 103 So. 3d 1059, 1059 (Fla. 1st DCA 2013) (holding that "failure to give Standard Jury Instruction in Criminal Cases 3.7 regarding reasonable doubt was fundamental error"); *Cavagnaro v. State*, 117 So. 3d 1111, 1112 (Fla. 3d DCA 2012) (finding fundamental error where the jury charge did not included Florida Standard Jury Instruction 3.7, or any similar instruction).

With varying degrees of factual similarity, we draw from these cases the principle that a defendant has a fundamental right to have the full and complete instructions, embodied in Standard Jury Instruction 3.7, given during the final charge to the jury. We find no support for the State's argument that giving instructions on the presumption of innocence and reasonable doubt during jury selection in combination with similar instructions given sporadically throughout the course of the trial is a proper substitute for giving the complete instructions during the final charge to the jury. *See Curry*, 169 So. 3d at 1260 (agreeing that "discussing the concept [of reasonable doubt] generically with a panel of prospective jurors is far different from instructing the actual jury following the presentation of the evidence and argument of counsel" (footnote omitted)).

Significantly, the trial judge here read the following instruction to the jury after being sworn: "An important principle of a trial is that you should not form any definite or fixed opinion on the merits of a case until you've heard all of the evidence, the arguments by the lawyers and *the instructions on the law by me*." (emphasis added). We presume the jurors understood that they would receive the proper instructions from the trial judge, including those at issue in this case, in proper sequence after the argument by the lawyers. The fact that Standard Jury Instruction 3.7 was not provided during the final charge to the jury was significant. This was a multi-day trial with multiple witnesses and extensive evidence. Though the trial judge generally discussed reasonable doubt and the presumption of innocence through the course of trial, doing so was no substitute for providing clear and concise instructions immediately before deliberations. Accordingly, failing to provide Standard Jury Instruction 3.7 during the final charge to the jury constituted fundamental error and we remand for a new trial.

*Reversed and remanded.*

KLINGENSMITH, C.J., and MAY, J., concur.

4

*     *     *

*Not final until disposition of timely filed motion for rehearing.*